**STORY v. HUNTER, Warden.**

**No. 3389.**

Circuit Court of Appeals, Tenth Circuit.

Jan. 6, 1947.

Verne M. Laing, of Wichita, Kan., for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order discharging a writ of habeas corpus.

Story, hereinafter referred to as the petitioner, was charged by indictment returned March 18, 1943, in the District Court of the United States, District of South Dakota, Southern Division, with bank robbery by force and violence in violation of 12 U.S.C.A. § 588b. He was tried and found guilty. On April 22, 1943, he appeared in person and by counsel and was sentenced to imprisonment for a period of 20 years, and committed to the custody of the Attorney General.

In his application for the writ, petitioner alleged that he was arrested on October 8, 1942, and held in jail until April 20, 1943; that he was denied the right of a speedy and public trial; that through his attorney, Lester T. Van Slyke, he applied for a continuance on April 20, 1943, for the purpose of obtaining the testimony of certain witnesses; that the motion was denied; that thereupon Van Slyke withdrew as counsel for petitioner; that the trial of petitioner and his codefendant, Alva Wallace, commenced on April 20, 1943; that petitioner was not represented either by counsel of his own choosing or by counsel appointed by the court; that petitioner's codefendant was represented by John W. Kaye and Bernard M. Williamson; that the interests

of petitioner and Wallace were antagonistic, and that Kaye and Williamson were antagonistic to petitioner and his interests during the trial; that petitioner did not have sufficient funds to employ counsel and did not know that he could have the assistance of counsel appointed by the court; that from October 8, 1942, until January 6, 1943, petitioner was not permitted to talk to friends, relatives, or legal counsel and was threatened by officers; that on the latter date, he made a confession and that such confession was admitted at the trial in violation of the Fifth Amendment.

The response denied the allegations upon which the application for the writ were predicated.

■ The indictment was returned March 18, 1943. The trial was commenced on April 20, 1943. Clearly, there was no basis for the claim of denial of a speedy trial.

The trial court, after hearing the evidence, found the issues against the petitioner and entered its order discharging the writ.

■ The record here does not contain a transcript of the evidence or trial proceedings. It contains a document designated as "Petitioner's Exhibit 1," which purports to be a letter from Van Slyke to petitioner stating that he did not appear for petitioner or Wallace at the trial. Absent a transcript of the evidence and the trial proceedings, we must accept the findings of the trial court. They are clearly sufficient to sustain the order discharging the writ.

■ Moreover, it may be noted that in a former proceeding, petitioner and Wallace applied for a writ of habeas corpus and from an order discharging the writ, they appealed to this court.[1] In that proceeding, Story testified that he was represented at the trial by Williamson, an attorney of his own choosing, and that Kaye represented Wallace, and in our opinion we said [149 F.2d 59, 60]:

"At the habeas corpus hearing Story testified that at the trial on the criminal charge he testified that 'they threatened me to give it,' referring to the confession. The confession, on its face, recites: 'I make this statement freely and voluntarily, no force, coercion, threat, promise or inducement having been made in order to obtain this statement from me. I have been advised that I am not required to make this statement, that I have the right to an attorney, and that this statement may be used against me in Court.' The evidence adduced at the habeas corpus hearing affords no basis for a holding on this, a collateral attack, that the trial court and jury were not fully warranted in finding that the confession was freely and voluntarily made. * * * The petitioners were represented at the trial by counsel of their own choosing."

Affirmed.

---

[1] See Wallace v. Hunter, 10 Cir., 149 F.2d 59.