## WALLACE v. UNITED STATES.
### No. 13801.

United States Court of Appeals
Eighth Circuit.

April 19, 1949.

Writ of Certiorari Denied June 20, 1949.

See 69 S.Ct. 1505.

---

[20] 323 U.S. 101, 105, 106, 65 S.Ct. 152, 89 L.Ed. 101.

[21] § 473, Civil Practice Act.

[22] Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220.

Holton Davenport (appointed by the Court), of Sioux Falls, S. D., for appellant.

Leo P. Flynn, U. S. Atty., of Sioux Falls, S. D., Matthew A. Brown, Asst. U. S. Atty., of Chamberlain, S. D., and A. Bangs, Asst. U. S. Atty., of Rapid City, S. D., for appellee.

Before SANBORN, JOHNSEN, and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

The appellant, who is an indigent inmate of the United States Penitentiary at Leavenworth, Kansas, challenges the validity of an order of the District Court dismissing his motion for the vacation of the sentence imposed upon him by that court on April 22, 1943. The questions for decision are (1) whether this appeal was taken in time, and (2) whether the District Court erred in dismissing the appellant's motion, which asserted that the sentence was void for lack of due process in the proceedings upon which it was based.

At appellant's request, this Court appointed counsel to assist him on this appeal. We are greatly indebted to his counsel for an excellent brief, printed, for the Court's convenience, at counsel's own expense, in which every point which could possibly be of any benefit to the appellant has been presented and thoroughly argued.

■ The first question for decision relates to our jurisdiction. Appellant's motion to vacate the sentence was filed February 13, 1948, and was dismissed by an order of the District Court filed May 28, 1948. Notice of appeal from the order was dated June 8, 1948, but was not actually filed by the Clerk of the District Court until June 23, 1948. An affidavit filed by the appellant in this Court states that he had no knowledge of the entry of the order of dismissal until June 3, 1948, when the prison authorities delivered to him a letter from the United States Attorney, dated May 28, 1948, enclosing a copy of the order; that appellant then proceeded to prepare a notice of appeal; that on June 8 he delivered to the proper authorities of the prison a letter directed to the Clerk of the District Court, enclosing the notice of appeal; and that on June 4 he had arranged with the prison authorities to transmit to the Clerk the necessary filing fee. A letter of the Clerk to appellant, dated June 18, 1948, attached to the affidavit as an exhibit, indicates that, prior to that date, the Clerk had received the notice of appeal, but not the filing fee. In this letter the Clerk advised the appellant "that the notice of appeal must be filed within thirty days of the date of the order

appealed from." At the time the order of dismissal was entered, Rule 37(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., required that an appeal in a criminal case be taken by a defendant "within 10 days after entry of the judgment or order appealed from." Rule 37(a) (1) of the Criminal Rules provided that an appeal "is taken by filing with the clerk of the district court a notice of appeal in duplicate." In Berkoff v. Humphrey, 8 Cir., 159 F.2d 5, 7, and in Byrd v. Pescor, 8 Cir., 163 F.2d 775, 779, this Court held that a motion to vacate an illegal sentence had become an ordinary remedy in criminal proceedings. See, also, Rule 35 of the Criminal Rules. The appellant had ten days to file his notice of appeal, United States v. Bloom, 2 Cir., 164 F.2d 556, 557; Ekberg v. United States, 1 Cir., 167 F.2d 380, 383; Carter v. United States, 10 Cir., 168 F.2d 310, 311. But, in view of his incarceration and his conceded efforts to take an immediate appeal as soon as he knew of the entry of the order of dismissal, we think this Court properly may assume jurisdiction and consider this case upon the merits. Compare, Boykin v. Huff, 73 App.D.C. 378, 121 F.2d 865, 873, 874, and Remine v. United States, 6 Cir., 161 F.2d 1020, certiorari denied 331 U.S. 862, 67 S.Ct. 1759, 91 L.Ed. 1868; Oddo v. United States, 2 Cir., 171 F.2d 854.

The record on appeal shows that on March 18, 1943, the appellant and Roy L. Story were, by an indictment, charged with the armed robbery on July 24, 1936, of the Farmers' State Bank, of Turton, South Dakota, a federally insured bank, and with having thereafter become fugitives from justice. A similar indictment had been returned against them on November 12, 1942, but it contained no allegation that the defendants, after the robbery, had become fugitives. The appellant, on a warrant of removal, had been brought from Michigan to South Dakota in December, 1942. He was in custody in South Dakota from December 8, 1942, to the time of his trial.

On April 20, 1943, according to the court records, the defendants appeared, with their counsel, John W. Kaye, Vernon P. Williams and Lester T. Van Slyke, and entered pleas of not guilty. A purported confession of Roy Story, dated January 6, 1943, which implicated the defendant Wal-

lace, was filed with the Clerk of the District Court on the day of arraignment. There was also filed at that time an affidavit of J. W. Kaye, stating, in substance, that he is an attorney; that on various occasions prior to April 13, 1943, he had conferred with the defendants; that they desired to have certain witnesses present at the trial of their case; that he had advised them that it would not be possible to have the witnesses appear at government expense, since they lived more than one hundred miles from the place of trial; that on April 14, 1943, he was shown a letter received by Wallace from the Clerk and a letter from Honorable A. Lee Wyman, the Judge of the District Court; that he thereupon made application for the production of the witnesses at government expense; that the application was made to an Assistant United States Attorney; that on April 15, 1943, he was advised by an Assistant United States Attorney that the Government would not subpoena the witnesses at its expense, for the reason that they resided more than one hundred miles from the place of trial; that on April 16 he transmitted this information to the defendants; that the defendants would not be able to procure the presence of these witnesses at the term of court then being held, because of lack of time and the inability of the defendants to defray the expenses of such witnesses; that the affiant believed that the defendants could not safely proceed to trial without the presence of such witnesses.

On the day of arraignment, the defendants filed an affidavit requesting a continuance, in which they stated that there were five witnesses necessary for the defense, three of whom resided in Arkansas, one in Californa, and one in Michigan. The names and addresses of the witnesses were given, together with the substance of the testimony they would give. It was stated in the affidavit that the evidence of these witnesses "would show the improbability if not the impossibility of the defendants having committed the crime charged"; that the defendants were without means with which to procure the presence of these witnesses; that if the case was continued over the term, they would be able to procure the witnesses; that, in reliance upon letters received from the Judge and the Clerk of the District Court, they had believed that the witnesses would be produced at government expense; that the defendants had their attorney J. W. Kaye, of Mitchell, South Dakota, prepare an application for the subpoenaing of the witnesses at the expense of the government; that the defendants were not advised until April 16, 1943, that the application could not be granted. They asserted that they could not safely proceed to trial in the absence of these witnesses. Attached to the affidavit was a letter from the Clerk of the District Court dated April 13, 1943, addressed to Wallace.[1] Also attached to the affidavit was a letter of the Judge to Wallace.[2] The motion for a continuance was

---

[1] United States District Court
Office of the Clerk
District of South Dakota
Sioux Falls

April 13, 1943.

Alva Wallace,
Davison County Jail,
Mitchell, So. Dak.

Dear Sir:

Your letter of April 12th asking witnesses to be subpoenaed in your behalf for the coming term at Aberdeen has been received.

After a consultation with the Judge and the Assistant United States District Attorney, the Assistant District Attorney talked to your attorney, Mr. Kaye, at Aberdeen and advised him that if proper showing was made, showing that these witnesses would testify to facts material to your defense, they would be subpoenaed at government expense. It is now up to your attorney.

Very truly yours,
Roy B. Marker
Clerk

RBM:HO

[2] United States District Court
District of South Dakota
Sioux Falls, S. D.
A. Lee Wyman
District Judge

April 13, 1943.

Alvin Wallace,
c/o County Jail,
Mitchell, S. D.

Dear Sir:

I have your favor advising me of your desire to have certain witnesses subpoenaed from Michigan and Arkansas to

heard and denied on the day of arraignment.

The court's record shows that the trial was commenced on the same day; that, at the trial, John W. Kaye, Vernon P. Williams, and Lester T. Van Slyke represented the defendants; that a number of witnesses testified for the government; that Story and Wallace, the defendants, testified on their own behalf, and that there were no other witnesses for them; that Vernon P. Williams opened the argument to the jury "on behalf of the defendants," and that John W. Kaye closed the argument "on behalf of the defendants." Neither the evidence adduced at the trial nor the instructions of the court to the jury are included in the record on appeal.

On April 22, 1943, the jury returned a verdict of guilty as to both defendants. According to the record of the District Court, Wallace, appearing "in proper person, and by counsel," and having been asked whether he had anything to say why judgment should not be pronounced against him, was sentenced to imprisonment for twenty years.

The record shows that on January 18, 1944, there was a hearing on a motion of Wallace and Story to set aside "the judgment of conviction," at which hearing the defendants were not represented by counsel, and that the United States Attorney was directed by the District Court to prepare an order denying the motion. The motion papers of the defendants are not included in the record; there is nothing to show upon what grounds the motion was based, whether it was considered on the merits, what issues were decided, or that a final order was ever formally entered denying the motion.

It appears from the opinion of the Circuit Court of Appeals of the Tenth Circuit in Wallace et al. v. Hunter, Warden, 149 F.2d 59, that the next proceeding instituted by the defendants was an application for habeas corpus in the United States District Court for the District of Kansas; that that court issued, but afterwards discharged, the writ applied for; and that the defendants appealed from the order discharging the writ. The opinion of the Circuit Court of Appeals states, page 60 of 149 F.2d:

"The application for the writ was based upon the following grounds: (1) That a confession was obtained from Story by duress and that it was improperly admitted in evidence; (2) that the confession was improperly admitted in evidence against Wallace; (3) that the offense was barred by the statute of limitations; (4) that the grand jury sitting in the Southern Division was without authority to return an indictment for an offense committed in the Northern Division; and (5) that petitioners were deprived of witnesses for their defense at the trial on the criminal charge."

That court pointed out that any error in the admission of Story's confession could

<hr/>

testify in your behalf at the trial of your case at the Aberdeen term of court, and note what you say in reference to the matter.

In order for witnesses to be subpoenaed at government expense it will be necessary for your attorney to make formal application for an order of court directing the issuance and service of the subpoenaes.

It has usually been the practice for the defendant's attorney to furnish the United States District Attorney with a statement of the names and addresses of the witnesses desired, together with the substance of what you expect to prove by each of said witnesses, and if the District Attorney agrees that the testimony which you expect to elicit from the witnesses is material to the issues involved, the District Attorney subpoenaes the witnesses at government expense and thereby saves the time and expense of a formal application to the Court.

I might add that in giving the District Attorney a list of witnesses together with a statement of the facts you expect to prove by their testimony you will not be disclosing to him anything which he could not and would not learn at any hearing upon a formal application made to the Court. The District Attorneys have in the past always been willing to cooperate with the attorney for the defense in this regard and I have no doubt will be glad to do so in your case.

Yours very truly,
A Lee Wyman
United States District Judge.

be reviewed only on appeal from the judgment; that the statute of limitations did not cover fugitives from justice, because of Title 18 U.S.C.A. § 583 [now § 3290]; that the indictment was lawfully returned; and that the defendants were not denied the right of compulsory process to procure the attendance of witnesses. The discharge of the writ was affirmed. This was in April, 1945.

On November 18, 1947, Wallace moved the District Court that the record of his trial be corrected (1) by removing the name of Lester T. Van Slyke as an attorney for the defendants; (2) by showing that John W. Kaye, "petitioner's retained counsel," was not present when the verdict was returned and when he (Wallace) was sentenced; and (3) by showing that Vernon M. Williams represented Story. Wallace also moved the District Court for an order directing that the application and affidavit for the subpoenaing of witnesses be transferred from the office of the United States Attorney to the office of the Clerk of the District Court. The District Court, on December 29, 1947, directed the transfer of the application and affidavit. On the same day, the court entered an order reciting, in substance, that Lester T. Van Slyke had appeared as attorney for Wallace at the time of his arraignment, and that no formal record of his withdrawal from the case was shown; that Vernon P. Williams appeared throughout the trial as attorney for both defendants and was present in the courtroom when the verdict was returned; and that the motion for correction of the court records was therefore denied.

Thereafter, on February 13, 1948, Wallace filed his motion for vacation of his sentence, the dismissal of which motion is the subject of this appeal. The motion, with a supporting brief, covers about forty typewritten pages. It is unnecessary to summarize it, since counsel appointed for Wallace has presented all contentions which have any possible merit.

■ The first contention is that the decision in the habeas corpus proceeding in the Tenth Circuit instituted by Wallace and Story was not a bar to Wallace's present motion to vacate sentence. That may be conceded; but the opinion in Wallace et al. v. Hunter, Warden, supra, 149 F.2d 59, correctly decided that the petitioners' application stated no grounds for discharge on habeas corpus, and that questions presented by that application could be reviewed only by appeal from the judgment. In so far as the motion of Wallace for vacation of his sentence is based upon the same grounds as the petition for habeas corpus, we think the District Court was justified in refusing to consider the same subject matter, since to do so would have been futile.

■ The action of the District Court upon the joint motion of Wallace and Story (heard in January, 1944) to vacate their sentences cannot, we think, be regarded as res judicata of Wallace's present motion, since the record fails to show that the prior motion was heard upon the merits or that any formal order denying it was entered.

We note that in Robinson v. Johnston, 9 Cir., 118 F.2d 998, 1001, it was held that a denial of an application for the vacation of a sentence is res judicata on a subsequent petition for habeas corpus. The judgment in that case was eventually vacated, on certiorari, by the Supreme Court, United States ex rel. Robinson v. Johnston, 316 U.S. 649, 62 S.Ct. 1301, 86 L.Ed. 1732, in view of its decision in Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302. In the latter case the court said, page 105 of 316 U.S. page 966 of 62 S.Ct.: "It does not appear that on petitioner's earlier application for a writ of coram nobis the same issue was raised as that now presented. The earlier application was denied for insufficiency upon its face and without a hearing." See and compare, Ekberg v. United States, supra, page 384 of 167 F.2d.

■ Wallace contends that his constitutional rights were violated in that he was not afforded a fair opportunity at the trial to be heard or to prepare his defense, and was denied compulsory process for obtaining witnesses. The assertion that he was too hurriedly forced to trial is based

largely upon the fact that the indictment upon which he was tried was returned on March 18, 1943; that he was arraigned on April 20, 1943; was denied a continuance; and went to trial on the day he was arraigned. He asserts that he knew nothing about the indictment until after the trial. But the record shows that the indictment was read to him when he was arraigned, and that he had been in custody in South Dakota since early in December, 1942, under an indictment charging the same identical offense. The only purpose of the new indictment was to allege what the government intended to prove in order to avoid the bar of the statute of limitations, namely, that he and Story had, after the robbery, become fugitives from justice. Counsel for Wallace and Story did not base their motion for a continuance upon the shortness of the time between the return of the new indictment and the trial. No suggestion was made to the District Court, so far as the record shows, that, if given time, Wallace and Story could produce evidence that they had not become fugitives from justice. Their assertions were that, if the case was continued, they would produce witnesses to establish an alibi. The motion for a continuance was addressed to the discretion of the District Court. If there was an abuse of discretion in refusing a continuance, it did not constitute a denial of due process and was nothing more than an error of law, reviewable on appeal from the judgment.

■■ Wallace's contention that he was denied compulsory process for obtaining witnesses is obviously without merit. He and Story were trying to have the government, at its expense, procure the attendance, at the trial, of the alleged alibi witnesses. The production of the witnesses at government expense could not be ordered by the Court, because § 656, Title 28 U.S.C.A.,[3] authorized the court to subpoena, for an indigent defendant, at government expense, only witnesses who were within the District or within one hundred miles of the place of trial. There is no showing that the defendants were, or would have been, denied the issuance of subpoenas for the production of witnesses at the defendants' own expense. The letter of the Clerk of the District Court and the letter of Judge Wyman indicate a willingness that the witnesses designated by the defendants be produced at government expense if that could be arranged. The answer to the suggestion that the trial should have been delayed to enable the defendants to take the depositions of these witnesses, is that the defendants made no such request, and that, although they had been in custody for more than four months, charged with the bank robbery, they had done nothing toward procuring evidence that they were not present at the time the robbery was committed.

Wallace also asserts that the District Court was required to afford him an opportunity to establish the following allegations of his motion: (1) That there was no proof at the trial that he was a fugitive from justice; (2) that at the time he was sentenced he was not represented by counsel; (3) that Story's confession was used as evidence against Wallace; and (4) that Wallace was prevented by the government's agents from taking an appeal from the judgment.

■ The sufficiency of the evidence to sustain the verdict of the jury and the sentence of the court could be raised only by appeal from the judgment. If the District Court erred with respect to admitting in evidence Story's confession or in its instructions to the jury with respect to the probative value of the confession, those errors were subject to review only on appeal.

■ Wallace now asserts that he intended to appeal from the sentence imposed upon him, but was prevented from doing so by agents of the government, and that therefore the entire record is open to review to the same extent as though an appeal had actually been taken. See Briggs v. White, 8 Cir., 32 F.2d 108. His assertions with respect to his inability to appeal are, in substance, that, after sentence, he was, due to his prompt removal to Leavenworth and his confinement, unable to secure the services of an attorney to perfect an appeal until too late. He makes no

---

[3] See Federal Rules of Criminal Procedure, Rule 17(b), 18 U.S.C.A.

contention and no showing that those who had him in charge deliberately obstructed his efforts or frustrated his intention to take an appeal. The most that can be said is that he claims that circumstances beyond his control prevented his filing a notice of appeal in time. That, however, was not a deprivation of due process, nor would it invalidate his sentence. See Miller v. Sanford, 5 Cir., 150 F.2d 637, certiorari denied 330 U.S. 830, 67 S.Ct. 864, 91 L.Ed. 1279, and Thompson v. Johnston, 9 Cir., 160 F.2d 374, certiorari denied 331 U.S. 853, 67 S.Ct. 1738, 91 L.Ed. 1861. It is safe to say that excuses for not taking an appeal are not the equivalent of taking an appeal, even in a criminal case. Moreover, the record on appeal in this case is insufficient for a review of the proceedings had at the trial.

Wallace's last contention is that his allegation that, at the time the verdict was returned and at the time sentence was imposed, he was without counsel, entitled him to an opportunity to establish the truth of that allegation. For the purposes of this opinion, we shall assume that Lester T. Van Slyke did not, as Wallace asserts, appear as counsel for the defendants after the opening of the trial.

The Circuit Court of Appeals of the Tenth Circuit was recently confronted with a similar problem in a habeas corpus proceeding, Thomas v. Hunter, 153 F.2d 834. In that case it was alleged by the petitioner that the trial judge, without the petitioner's consent, had excused his counsel from being present when the verdict was returned and when sentence was imposed. The trial court's record showed that, at the time of sentence, the petitioner was represented by counsel, but the record was silent as to whether counsel was present at the time the verdict was returned. The Court of Appeals ruled, in substance, that the District Court records relating to its jurisdiction were "impervious to attack by testimony in the absence of an allegation of fraud"; that, since the record showed that the petitioner was represented by counsel when he was sentenced, he could not, on a collateral attack upon the judgment, be

permitted to offer oral testimony to contradict the record. The court concluded, however, that, since the record did not show that the petitioner was represented by counsel at the time the verdict was returned, he was entitled to testify that he was not then represented and to have that issue tried and determined by the District Court.

■ The District Court's record in the instant case, as we have already pointed out, shows that Vernon P. Williams and John W. Kaye each made an argument to the jury on behalf of the defendants; that the jury retired to consider their verdict at 5:00 P.M. on April 21, 1943; and that on April 22, 1943, "Again come the parties to the above entitled case, the same as of yesterday, and with them their respective attorneys, and now at 9:00 o'clock in the forenoon, the jury heretofore impaneled and sworn, returns into court with their verdict in writing, signed by their Foreman, the defendants, Alva Wallace and Roy L. Story, being present in custody of the Marshal; * * *." The court's record therefore shows that Wallace was represented by counsel at the time the verdict was returned and also at the time sentence was imposed. We think that he was not entitled, on his motion to vacate sentence, to offer testimony to contradict this record.

■ While it is our opinion that neither the expiration of the term at which Wallace was tried and sentenced, nor the action of the District Court upon Wallace's and Story's previous motion for vacation of sentence, nor the habeas corpus proceedings in the Tenth Circuit, deprived the District Court of jurisdiction to entertain or to consider Wallace's motion to vacate sentence, our conclusion is that the court was not required to try any of the issues tendered by the motion, and was justified in dismissing it.

If the appellant desires to apply to the Supreme Court for certiorari, he may do so without the prepayment of Clerk's fees or costs in this Court.

The order appealed from is affirmed.