## STORY v. UNITED STATES.
### No. 13822.

United States Court of Appeals
Eighth Circuit.

April 19, 1949.

Writ of Certiorari Denied June 20, 1949.

See 69 S.Ct. 1505.

Holton Davenport (appointed by the Court), of Sioux Falls, S. D., for appellant.

Leo P. Flynn, U. S. Atty., of Sioux Falls, S. D., Matthew A. Brown, Asst. U. S. Atty., of Chamberlain, S. D., and Geo. A. Bangs, Asst. U. S. Atty., of Rapid City, S. D., for appellee.

Before SANBORN, JOHNSEN, and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order entered July 8, 1948, denying a motion by Roy L. Story for the vacation of a sentence of twenty years imprisonment imposed upon him on April 22, 1943, after he and Alva Wallace, his codefendant, had been adjudged guilty of the armed robbery of the Farmers' State Bank, of Turton, South Dakota. The proceedings leading up to their conviction, and their joint efforts to secure the invalidation of the sentences imposed upon them, are described in the opinion of this Court in Wallace v. United States of America, 8 Cir., 174 F.2d 112.

It is not certain that Story took his appeal in time, but we shall assume that he gave adequate written notice of his intention to appeal within ten days from the date the order was entered, and that we are not without jurisdiction.

As in the Wallace case, counsel appointed by this Court to assist Story, who is indigent and in custody at the United States Penitentiary at Leavenworth, Kansas, has most competently presented, in a printed brief, all that can be urged in Story's favor.

Like Wallace, Story contends that he was rushed to trial, in violation of the requirement of due process. Our views in this connection are sufficiently stated in the opinion in the Wallace case.

Story, unlike Wallace, does not contend that he was not represented by counsel at any time during the trial.

Story contends that his allegedly coerced confession should not have been received in evidence at the trial, and that its admission rendered the judgment void. He argues that, at the hearing upon his motion to vacate sentence, he should have been afforded an opportunity to establish the correctness of this contention. Our view, as expressed in the opinion in the Wallace case, is that any errors in the admission of evidence at the trial could have been raised only by appeal to this Court from the judgment.

In case Story concludes to apply to the Supreme Court for certiorari, he may do so without prepayment of Clerk's fees and costs in this Court, since his case, in our opinion, does not differ materially from that of Wallace, and any consideration accorded Wallace should also be extended to Story.

The order appealed from is affirmed.