**STORY v. UNITED STATES.**

**No. 14167.**

United States Court of Appeals
Eighth Circuit.

Dec. 27, 1950.

Roy L. Story, pro se.

Leo. P. Flynn, U. S. Atty. for the District of South Dakota (Matthew A. Brown, Asst. U. S. Atty., Sioux Falls, S. D., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

This appeal is from an order denying appellant's motion to vacate the judgment and sentence imposed upon him by the trial court on April 22, 1943. Appellant and one Alva Wallace were jointly indicted, charged with the armed robbery of a bank at Turton, in the State of South Dakota, in violation of § 588 (b) [now § 2113], Title 12 U.S.C.A. No severance being requested, they were tried together and on a verdict of guilty were sentenced to a term of twenty years imprisonment. Appellant and his co-defendant in that proceeding have prosecuted numerous proceedings based upon various charges going to the regularity and the validity of the proceedings which culminated in their conviction and sentence. These proceedings are evidenced to some extent by the following reported decisions: Story and Wallace v. United States, 8 Cir., 142 F.2d 463; Story and Wallace v. United States, 8 Cir., 142 F.2d 1013; Wallace v. United States, 8 Cir., 174 F.2d 112; Story v. United States, 8 Cir., 174 F.2d 120; Wallace v. Hunter, 10 Cir., 149 F.2d 59; Story v. Hunter, 10 Cir., 158 F.2d 825.

In the present proceeding, based on § 2255, Title 28, U.S.C.A., appellant filed his unverified motion to vacate the judgment and sentence on March 23, 1950, charging that, "The judgment and sentence is void without due process of law, and in violation of and contrary to the Fifth and Sixth Amendments to the United States Constitution in that: your petitioner was deprived of adequate and effective assistance of counsel in a trial before a jury."

Following the filing of this motion and on the 29th day of March, 1950, the court entered an order setting this motion for hearing on the 13th day of April, 1950, at the hour of two o'clock p.m., in the chambers of the court in the City of Sioux Falls, South Dakota, and embodied in the order a provision that copy of the notice and order should be served forthwith upon the appellant. The notice was duly served by mail as provided and on the 13th day of April, 1950, the motion was considered by the court, there being apparently no appearance either by the appellant or the government's attorney. The court upon all the files and records then entered the order appealed from. It is recited in the order that, "* * * it appearing to the satisfaction of the court from all the files and records herein, and from the court's knowledge and recollections of the manner in which the trial was conducted, that petitioner's contentions and allegations that the judgment and sentence is void without due process of law, and in violation of and contrary to the Fifth and Sixth Amendments to the United States Constitution in that petitioner was deprived of adequate and effective assistance of counsel in a trial before a jury, are wholly irresponsible and without foundation; that there is no merit in petitioner's contentions, and that said contentions are wholly contrary to the actual facts as reflected in the files and records in this case and are entitled to no consideration as to their merits. And it further appearing to the court that the above named petitioner

954

has on several previous occasions submitted similar contentions, based on the same allegations as set forth in instant motion, each of such previous motions having heretofore been denied; now, therefore, it is hereby ordered that the Motion to Vacate Judgment and Sentence of said petitioner, Roy L. Story, be and the same hereby is denied."

The appellant later petitioned the trial court for leave to prosecute the appeal to this court in forma pauperis. The judge certified that "in the opinion of the court, such appeal is not taken in good faith, and that it should not be allowed to proceed in forma pauperis."

 The record contains copy of all proceedings had in the trial court culminating in the judgment and sentence and all that has since been prosecuted in that court. It appears from the record without dispute that appellant had counsel of his own choosing who appeared for and on his behalf at the time of the arraignment and participated in the trial to the jury, including making an argument to the jury. The facts reflected by this record are set out in the exhaustive opinion of Judge Sanborn speaking for this court in the case entitled Wallace v. United States, 174 F.2d 112 and in the companion case, Story v. United States, 174 F.2d 120. In those cases appellant and his co-defendant, Wallace, were represented by very able counsel who made a painstaking examination of the entire record and raised every conceivable question that could reasonably be urged in a brief, and in addition thereto orally argued the matter before this court, and from our decision sustaining the trial court made application to the Supreme Court for writ of certiorari, which in due course was denied. The record conclusively shows that appellant was represented in the trial of his case by diligent and competent counsel of his own choosing. There is little that can be added to the opinions of Judge Sanborn, speaking for this court, above referred to.

This appellant applied for writ of habeas corpus in the United States District Court for the District of Kansas, and from an adverse decision appealed to the United States Court of Appeals for the Tenth Circuit, Story v. Hunter, supra. In that proceeding substantially the same grounds for relief were urged as are urged in the present proceeding. During the course of the opinion it is among other things said: "Moreover, it may be noted that in a former proceeding, petitioner and Wallace applied for a writ of habeas corpus and from an order discharging the writ, they appealed to this court. In that proceeding, Story testified that he was represented at the trial by Williamson, an attorney of his own choosing, and that Kaye represented Wallace * * *." [158 F.2d 826.]

The Supreme Court, in Darr v. Burford, etc., 339 U.S. 200, 70 S.Ct. 587, 596, which was a habeas corpus case, held that while res judicata does not apply to applications for writ of habeas corpus, yet, "On that application, the court may require a showing of the record and action on prior applications, and may decline to examine further into the merits because they have already been decided against the petitioner. Thus there is avoided abuse of the writ by repeated attempts to secure a hearing on frivolous grounds, and repeated adjudications of the same issues by courts of co-ordinate powers." That seems to have been the procedure followed by the trial court in the instant case.

 The record warranted the court in declining to examine further into the merits of appellant's motion. It was obviously frivolous and the order appealed from is affirmed.