## UNITED STATES v. READE.

### Cr. No. 240–50.

United States District Court
D. New Jersey.

May 19, 1953.

No appearance for plaintiff.

Michael Reade, pro se.

MEANEY, District Judge.

This is a motion to vacate judgment and sentence under 28 U.S.C.A. § 2255. Petitioner makes this motion on the grounds that an erroneous and invalid jury verdict has resulted in the deprivation of his liberty as guaranteed him by the "due process" clause of the Fifth Amendment by reason of the following:

1. No conspiracy existed after November 10, 1949, which date was prior to evidence purported to connect petitioner therewith.

2. The facts of the conspiracy are at fatal variance with the facts of the record.

3. The credibility of the co-defendant upon whose testimony petitioner was con-

victed was not properly established to sustain his testimony, and failure to so admonish the jury was fatal error.

4. No evidence sufficient to incriminate petitioner was proven beyond a reasonable doubt.

28 U.S.C.A. § 2255, provides that the motion may be made on the grounds that the sentence was imposed in violation of the laws or Constitution of the United States, that the court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

Petitioner makes no claim that the court was without jurisdiction or that the sentence was in excess of the authorized maximum. Examination of the record fails to reveal any suggestion of any violation of the Constitution or laws of the United States. It remains to be considered then whether this sentence is otherwise open to collateral attack.

■■■ Petitioner's grounds go to the sufficiency of the evidence to sustain the verdict of the jury, and to the possibility of error on the part of the court in the admission of certain evidence. These, however, are questions subject to review only on appeal and not by a motion under section 2255. Hastings v. United States, 9 Cir., 1950, 184 F.2d 939; Taylor v. United States, 4 Cir., 1949, 177 F.2d 194; Wallace v. U. S., 8 Cir., 1949, 174 F.2d 112, 118, certiorari denied 1949, 337 U.S. 947, 69 S.Ct. 1505, 93 L.Ed. 1749; Story v. U. S., 8 Cir., 1949, 174 F.2d 120, certiorari denied 1949, 337 U.S. 947, 69 S.Ct. 1505, 93 L.Ed. 1749. Indeed, this very case and these questions have already been reviewed by the Court of Appeals for the Third Circuit in United States v. Cohen, 3 Cir., 1952, 197 F.2d 26. In its decision that court specifically held that the trial court had jurisdiction to try the indictment, that the trial judge did not err in admitting the testimony of the above-mentioned co-defendant and that the evidence was sufficient to sustain the verdict of the jury. It is settled law that questions previously raised on appeal are not to be redetermined on a motion to vacate judgment. See Owens v. United States, 5 Cir., 1949, 174 F.2d 469—rehearing denied.

■■■ Defendant further maintains in his brief that his counsel did not always act in his best interests, but even assuming arguendo the truth of this assertion, such a claim could not be made the basis for setting aside a valid conviction under this motion. United States v. Cameron, D.C. S.D.Miss.1949, 84 F.Supp. 289.

■■■ Since it is clear that petitioner is entitled to no relief on his petition, this motion is denied without the necessity of a hearing, findings of fact and conclusions of law. United States v. Fleenor, 7 Cir., 1949, 177 F.2d 482; United States v. Quinn, 7 Cir., 1950, 182 F.2d 252. See, also, United States v. Krepper, D.C.N.J.1949, 86 F.Supp. 862, affirmed 1950, 181 F.2d 95.