Cleo GREGORY

v.

UNITED STATES of America.

No. 15232.

United States Court of Appeals, Fifth Circuit.

March 2, 1955.

Cleo Gregory, in pro. per.

James W. Dorsey, U. S. Atty., J. Robert Sparks, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and DAWKINS, District Judge.

HUTCHESON, Chief Judge.

The appellant, an inmate of the Atlanta Penitentiary, was charged with and convicted of the murder there of one Douglas, another inmate. Sentenced by the court to life imprisonment on February 6, 1953, he did not appeal. On November 16, 1953, however, appellant, at that time an inmate of Alcatraz Penitentiary, filed in the sentencing court[1] a motion to vacate and set the sentence aside. After full and careful consideration of the grounds of the motion, the district judge, for the reasons fully set out by him of record, found the motion without merit, and on March 8, 1954, entered an order denying it.

Appellant, on June 28, 1954, addressed a letter to the district judge in the nature of a notice of appeal from the order, stating in it that, though the notice of appeal was not timely, he had not received the notice which had been sent to his attorney and he was not notified of the order until June 25th, and praying that the court rule the notice as timely and allow him to appeal in forma pauperis.

The district judge, stating "Whether the appeal is filed in time is not for this court to determine", allowed the prosecution of the appeal in forma pauperis, and upon the record so made up, the appellant appearing, by brief, is here seeking a reversal.

The United States moves to dismiss the appeal for want of jurisdiction and for want of diligent prosecution. Further urging upon us that, for the reasons fully set forth in its brief, the appeal is entirely wanting in merit, indeed is frivolous, it sums up the record showing that the trial was fair.[2]

Because the appeal was not timely filed, we may not, if we would, consider the cause on its merits, but must dismiss the appeal for want of jurisdiction.

Appeal dismissed.

---

1. Under Section 2255, Title 28 U.S.C.

2. The record clearly shows that appellant was arraigned in open court, informed of his right to employ counsel, and offered the assistance of court appointed counsel if he so desired. He stated that he wished counsel appointed for him. He did not state at that time, or at any subsequent time until the filing of his motion to vacate sentence, that he desired counsel of his own choice and had been prevented by prison authorities from employing such counsel. The court then appointed two prominent members of the Atlanta bar, both being mature, experienced, and capable criminal defense lawyers with wide experience in Federal courts, to represent appellant. Appointed counsel promptly entered a plea of not guilty for appellant. They were given opportunity to confer with the district attorney and agree upon a mutually agreeable date for trial.

A jury trial was conducted, requiring several days, and appellant was found guilty of second degree murder. The court below, in ruling upon the instant motion, found that "the entire record in this case, taken as a whole, shows that his counsel on the trial were interested, able, conscientious, and zealous". Finally, the most convincing evidence that appellant was satisfied with the efforts of his counsel and the fairness of his trial is found in his own words after the jury verdict and immediately before sentence was imposed, when he stated, "Well, I will say this much, that I have in my heart, that I had every opportunity of the court that they gave me a fair trial and that I thank my counsel for working for them because it it wasn't for them I wouldn't be a free man, and you gave me every opportunity that was, and I don't have no malice, no animosity in my heart against nobody."