Truman Thomas CORCORAN, Jr.,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 11621.

United States Court of Appeals
Seventh Circuit.

April 10, 1956.

Rehearing Denied April 28, 1956.

Truman Thomas Corcoran, Jr., pro se.

C. M. Raemer, U. S. Atty., Edward G. Maag, Asst. U. S. Atty., East St. Louis, Ill., for appellee.

Before DUFFY, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

SWAIM, Circuit Judge.

The appellant, Truman Thomas Corcoran, Jr., and one William C. Higgins were charged with, tried for and convicted of robbing the First National Bank of Sandoval, Illinois, of more than $11,000. The indictment, in seven counts, charged violation by the two defendants of Section 2113(a), (b) and

(c) of 18 U.S.C.A., and conspiracy to commit these crimes, in violation of Section 371, 18 U.S.C.A. The defendants pleaded not guilty, and a separate attorney was appointed to represent each defendant. Their trial was started on December 14, 1954, in the United States District Court for the Eastern District of Illinois, with the Honorable Fred L. Wham, an able and experienced judge, presiding. At the conclusion of the four-day trial the jury found both defendants guilty as charged in the indictment. The evidence clearly supported the verdict.

Motions for a new trial and for judgment notwithstanding the verdict were denied, and the defendant Corcoran was sentenced on the bank robbery charges to a term of seven years in the custody of the Attorney General. On a conviction of violation of Section 2113(a), 18 U.S.C.A., the statute authorizes the court to sentence the defendant to as much as 20 years imprisonment. No appeal was taken from that judgment.

On May 14, 1955, the defendant filed a motion to vacate the judgment and sentence under 28 U.S.C.A. § 2255, alleging that he did not have effective aid of counsel in his criminal trial. This motion alleged that defendant did not have private consultation with the attorney appointed to represent him either before or at the trial; that the attorney failed to subpoena witnesses which defendant desired to use to prove material facts; that the attorney appointed to represent him was incompetent, inexperienced and inadequate; that said attorney was unable to question witnesses and became confused to the point that the court had to help him; and that the attorney visited him in jail for a short period on only one occasion prior to the criminal trial.

The District Court denied this motion on the ground that the motion, files and records in the case conclusively showed that the prisoner was entitled to no relief. In the memorandum filed in connection with the denial of this motion the court pointed out that counsel for the defendant had made a trip of 100 miles to interview witnesses and see if he could discover any evidence which would be helpful in the defense, but could find none; that, while the attorney appointed by the court to represent the defendant was young and without trial experience, " * * * no defendant ever received a more earnest, conscientious or hardworking defense at the hands of his attorney." The trial court briefly described the facts presented at the trial as follows:

" * * * immediately prior to the robbery of the bank at Sandoval, Illinois, this Defendant was seen in the automobile of the co-defendant who actually robbed the bank, parked at a strategic point for escape; that witnesses identified Defendant, the car and the license plates thereon; that co-defendant was identified by many persons as the person who actually robbed the bank at gun point; that co-defendant and another person were seen escaping in co-defendant's car in which this Defendant was seen sitting only a few minutes earlier; that the gun, clothes worn by the bank robber and a paper bag containing the amount of money obtained in the robbery were found in the car of the co-defendant soon after the robbery; that said car was found a short time after the robbery parked at a tavern a short distance from the scene of the robbery and the Defendant and the co-defendant were together in the tavern when the arresting officers arrived at the tavern."

The court said that it was not the inexperience of the defendant's attorney but the testimony of witnesses and the incriminating circumstances of defendant's own making that made "a successful defense out of all question." The court therefore concluded that the defendant's motion was without any merit. No appeal was taken from that order denying the Section 2255 motion.

The appellant's next move was a motion allegedly under Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., filed in September 1955, long after the time for taking an appeal from the judgment denying his first motion had expired. In this second motion the appellant alleged substantially the same grounds which he had alleged in his Section 2255 motion which the District Court had denied on June 29, 1955. With this second motion the defendant also filed two petitions: the first asking the court to issue the necessary orders to make it possible for him to be personally present at the hearing on his motion, and the second requesting the issuance of subpoenas pursuant to Rule 17(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. This Rule provides that a subpoena may be issued upon the request of an indigent defendant supported by an affidavit in which the defendant shall state the name and address of each witness and the testimony which the defendant expects the witness to give if subpoenaed; and which shows that the evidence of the witness is material to the defense, that the defendant cannot safely go to trial without the witness, and that the defendant does not have sufficient means and is actually unable to pay the fees of the witness. The defendant here complied with none of these conditions.

The District Court denied the defendant's motion under Rule 35 on September 19, 1955. In a memorandum opinion on this second motion the court pointed out that although the defendant's second motion was alleged to have been filed pursuant to Rule 35 of the Federal Rules of Criminal Procedure, the alleged grounds for the motion were substantially the same as those petitioner had alleged in his Section 2255 motion and that the Supreme Court had said in United States v. Morgan, 346 U.S. 502, 506, 74 S.Ct. 247, 250, 98 L.Ed. 248, that Rule 35 was not applicable to such a situation; that "Sentences subject to correction under that rule are those that the judgment of conviction did not authorize." Here the sentence was clearly authorized by the judgment of conviction.

■ In its memorandum opinion the District Court also correctly pointed out that if the second motion were to be treated as a second 2255 motion, that Section expressly provides that: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 28 U.S.C.A. § 2255. As this court said in United States v. Brown, 7 Cir., 207 F.2d 310, 311: "This provision of the statute clearly leaves the matter of entertaining a second or subsequent motion to the discretion of the trial court. [Citing authorities.]" See also Story v. United States, 8 Cir., 185 F.2d 952; Johnson v. United States, 5 Cir., 213 F.2d 492, 494; and Wells v. United States, 5 Cir., 210 F.2d 112.

In the instant case the District Court said that it had considered on defendant's first motion the same grounds which were alleged in the second motion and, therefore, on September 19, 1955, denied the second motion.

■ Thereafter, on December 17, 1955, the defendant filed in this court what was termed by him as " * * * an appeal from a final order of the United States District Court for the Eastern District of Illinois denying a motion under Rule 35 of the Federal Rules of Criminal Procedure which it had previously issued and ordered the denial of a motion under (28 U.S.C. § 2255) without granting the Appellant, Truman Thomas Corcoran, Jr., an opportunity to testify, produce evidence, subpoena witnesses and to correct the record to prove that the record was contrary to facts, refused to give Appellant any notice of a hearing on said motions and denied the motion without assistance of counsel." This is obviously an attempt by the defendant to include in an appeal from the denial of his motion under Rule 35 of the Federal Rules of Criminal Procedure a belated appeal from the Dis-

trict Court's denial of his Section 2255 motion, the time for which had long since expired.

In Gregory v. United States, 5 Cir., 219 F.2d 809, 810, the court held that an appeal from an order denying a prisoner's Section 2255 motion to vacate and set aside his sentence must be timely to give the Court of Appeals jurisdiction of the appeal. Since there was not even what purported to be an appeal from the order denying the Section 2255 motion here except as an appeal from the order denying the petitioner's motion to vacate the judgment of conviction under Rule 35, it is clear that the appeal from the decision on the 2255 motion came too late; and, therefore, this court has no jurisdiction to consider, and will not consider, the question of the merits on that original motion.

We think it was clear that the District Court did not commit error in denying the petitioner's motion to vacate his sentence under Rule 35 of the Federal Rules of Criminal Procedure. We think this is true on either of the two reasons assigned in the memorandum opinion of the District Court: first, as we have shown above, that Rule 35 applies only to sentences that the judgment of conviction did not authorize; and, second, that if this motion should be considered as a Section 2255 motion, it was a second such motion by the same prisoner and it was therefore within the discretion of the trial court as to whether it should be entertained. Under the facts of this case there was no abuse of discretion by the trial court in denying the motion.

That portion of the appeal which seeks a review of the District Court's denial of the appellant's first motion under Section 2255 is dismissed.

The judgment of the District Court denying the appellant's motion to correct an illegal sentence under Rule 35 of the Federal Rules of Criminal Procedure is

Affirmed.