

Roy L. Story, appellant, pro se.

Harold C. Doyle, U. S. Atty., Sioux Falls, S. D., for appellee.

Before JOHNSEN, Chief Judge, and MATTHES and RIDGE, Circuit Judges.

JOHNSEN, Chief Judge.

The appeal is from an order denying appellant's motion under 28 U.S.C.A. § 2255, to have his sentence vacated. The motion was denied on the basis of the provision in § 2255 that "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

The ground on which the motion sought to have the sentence vacated was that appellant "had incompetent counsel at time of trial". Such incompetence as to amount to a want of due process was claimed to be involved, in that (1) counsel had failed to attack the indictment as being barred by limitations, and (2) counsel had failed to keep a confession from being admitted in evidence as being coerced. The questions whether the indictment was barred by limitations and whether the confession was coerced had, however, constituted the subject of judicial determinations in other collateral attacks instituted by appellant, so that they could not afford ground for a charge of incompetency on the part of counsel even in general, and they would be wholly without basis for any charge of such incompetence as to amount to want of due process.

Appellant and a co-defendant named Wallace were convicted and sentenced in 1943 to a term of twenty years imprisonment, under 12 U.S.C.A. § 588 b (now 18

**Roy L. STORY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17131.**

United States Court of Appeals Eighth Circuit.

Nov. 8, 1962.

U.S.C.A. § 2113), for aggravated robbery of a federally insured bank in South Dakota, committed in 1936. The indictment, in order not to be vulnerable for limitations, alleged that the defendants had fled from South Dakota after the robbery and had remained fugitives from justice therefrom, until they were apprehended and arrested in Illinois in 1943.

Appellant and Wallace began to make collateral attacks upon their convictions and sentences in 1945. This was before § 2255 was enacted, and their attacks therefore were in the form of habeas corpus. Among the grounds which they then urged and on which they were granted a hearing were "that a confession was obtained from Story by duress and that it was improperly admitted in evidence" and "that the offense was barred by the statute of limitations". See Wallace and Story v. Hunter, 10 Cir., 149 F.2d 59, 60.

On a determination of these and their other contentions against them, they appealed, and the Court of Appeals for the Tenth Circuit, in making affirmance, declared that there was no basis "for a holding on this, a collateral attack, that the trial court and jury were not fully warranted in finding that the confession was freely and voluntarily made," and further that the statute of limitations could not in the situation be claimed to have run against them because they had been fugitives from justice, within the tolling provision of 18 U.S.C. § 583 (now 18 U.S.C.A. § 3290), until their apprehension in 1943. Id., p. 61.

In 1946, appellant made another application for a writ of habeas corpus, in which he claimed that he had been without counsel on his trial, although he had admitted in the prior proceeding, supra, that he was represented by trial counsel of his own choosing. He also reasserted that the admission of his confession was a violation of the Fifth Amendment. The court granted him another hearing and once more determined that he was entitled to no relief. As before, the Court of Appeals for the

Tenth Circuit affirmed. Story v. Hunter, 10 Cir., 158 F.2d 825.

In 1948, Story and Wallace filed motions in the sentencing court to have their sentences vacated. The court denied the motions without a hearing, and on appeals being taken, we appointed counsel to represent them. Wallace v. United States, 8 Cir., 174 F.2d 112, and Story v. United States, 8 Cir., 174 F.2d 120. After consideration of all the questions raised by diligent appointed counsel, we concluded that "the court was not required to try any of the issues tendered by the motion, and was justified in dismissing it." 174 F.2d at p. 119. In this connection, we took occasion to comment that appointed counsel "has most competently presented, in a printed brief, all that can be urged in Story's favor." P. 120.

In 1950, appellant filed another motion to have his sentence set aside, alleging that he "was deprived of adequate and effective assistance of counsel in a trial before a jury". This is substantially the same charge as that on which his present motion is based. The trial court, in denying the 1950 motion, stated in its order that the contention and allegation "that petitioner was deprived of adequate and effective assistance of counsel in a trial before a jury, are wholly irresponsible and without foundation", and "that said contentions are wholly contrary to the actual facts as reflected in the files and record in this case". On the appeal taken from that order, we held that "The record conclusively shows that appellant was represented in the trial of his case by diligent and competent counsel of his own choosing"; that "The record warranted the court in declining to examine further into the merits of appellant's motion"; and that the motion was "obviously frivolous". Story v. United States, 8 Cir., 185 F.2d 952, 954.

All of these determinations together—the earlier habeas corpus proceedings and the motions under § 2255 after that section was enacted—clearly leave no room for appellant now to contend, ex-

cept frivolously, that he was without such assistance of counsel as to make his conviction and sentence wanting in due process. It may be added that the habeas corpus proceeding involved in 158 F.2d 825, supra, and the motion to vacate involved in 174 F.2d 120, supra, were made the subject of applications for certiorari, which were denied. See respectively 331 U.S. 839, 67 S.Ct. 1509, 91 L. Ed. 1851, and 337 U.S. 947, 69 S.Ct. 1505, 93 L.Ed. 1749.

The trial court properly held that under the provision of § 2255 it was not required to entertain consideration of appellant's present motion. On the same basis, the appeal which has been taken here is frivolous and is entitled to be dismissed.

Appeal dismissed as frivolous.