Leslie E. **WILLIAMS**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 72–1147
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 28, 1972.

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Leslie E. Williams, pro se.

H. M. Ray, U. S. Atty., Alfred E. Moreton, III, Asst. U. S. Atty., Oxford, Miss., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Leslie E. Williams was convicted of violations of Title 18, U.S.C., §§ 2 and 2113(a), aiding and abetting the burglary of a federally insured bank, and was sentenced to ten years imprisonment. This Court affirmed, United States v. Williams, 5 Cir. 1969, 416 F.2d 4, cert. denied 1970, 397 U.S. 968, 90 S.Ct. 1008, 25 L.Ed.2d 262.

Williams filed in the trial court his motion to vacate sentence under Title 28, U.S.C., § 2255, advancing three grounds in support thereof:

(1) He was denied the right to a speedy trial under the Sixth Amendment to the United States Constitution.

(2) Because his court-appointed lawyer failed to press vigorously for a speedy trial, he was denied the effective assistance of counsel under the Sixth Amendment to the Constitution.

(3) He was denied the right to due process of law under the Fifth Amendment to the Constitution.[1]

Williams appeals from the denial of his motion without a hearing by the district court. We affirm.

The opinion[2] for this Court on Williams' direct appeal disposed of the speedy trial issue in the following manner:

"Williams claims that he was denied a speedy trial. The dates are these: —his arrest took place on July 30, 1967, the commissioner held him on August 7th, the indictment was returned on January 30, 1968, not guilty pleas were entered on February 7, 1968, and the trial took place in June 1968. On February 15, 1968, at a hearing before Circuit Judge Clayton (sitting by designation in the District Court) the pleas were confirmed and the appellants were given thirty days in which to file motions. Williams' counsel said at that time that Williams did not wish any additional time, and asked for a trial. Judge Clayton responded that the case would be set for trial in due course, but not before the expiration of the thirty days 'the other two defendants may use, if they care to do so.' On March 13, 1968 (not quite thirty days later), Williams moved pro se for a speedy

---

1. The thrust of the argument under this assignment in the movant's pro se brief we find to be unclear and uncertain. At all events, no Fifth Amendment violation is shown to have occurred in connection with his conviction and sentence. Further discussion of this ground does not seem warranted in this opinion.

2. By Judge Oscar H. Davis of the United States Court of Claims sitting by designation.

trial and for severance, and the Government responded that the motions were improper because he was then represented by court-appointed counsel. The latter did not thereafter ask for a trial until shortly before it was actually held. In addition, there is no showing (or substantial offer to show) that the delay prejudiced Williams in his preparation for trial or in the trial itself, and it is clear that most of the delay was due to the lack of a regular judge in the district. In the particular circumstances, though the delay was long, the constitutional claim of lack of a speedy trial must be rejected. See Reece v. United States, 337 F.2d 852 (C.A. 5, 1964)." 416 F.2d at page 9.

In Kaufman v. United States, 1969, 394 U.S. 217, 227, 89 S.Ct. 1068, 1074–1075, 22 L.Ed.2d 227, 238, footnote 8, the Supreme Court stated:

"Where a trial or appellate court has determined the federal prisoner's claim, discretion may in a proper case be exercised against the grant of a § 2255 hearing. Section 2255 provides for hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief * * *.' In Sanders v. United States, 373 U.S. 1, 83 S. Ct. 1068, 10 L.Ed.2d 148 (1963), we announced standards governing the determination whether a hearing should be ordered in the case of a successive motion under § 2255. Similarly, where the trial or appellate court has had a 'say' on a federal prisoner's claim, it may be open to the § 2255 court to determine that on the basis of the motion, files, and records, 'the prisoner is entitled to no relief.' See Thornton v. United States, 125 U.S. App.D.C. 114, 125, 368 F.2d 822, 833 (1966) (dissenting opinion of Wright, J.)."

The delay in bringing him to trial and his court-appointed lawyer's failure to press for an expedited trial are the only points clearly raised by Williams in this proceeding under Title 28, U.S.C., §

2255. In light of this Court's discussion of the speedy trial issue on the direct appeal, we perceive no error in the district court's dismissal of the motion to vacate sentence without a hearing. See Story v. United States, 8 Cir. 1962, 309 F.2d 483, cert. denied 1963, 373 U.S. 946, 83 S.Ct. 1558, 10 L.Ed.2d 701. There a charge was made by § 2255 motion that trial defense counsel was incompetent because of counsel's failure to assert the defense of the statute of limitations and his further failure to keep a confession out of evidence. The contention was held to be frivolous in the light of prior appellate judicial determination that the indictment was not time-barred and that the confession was admissible in evidence.

The judgment of the district court is

Affirmed.