### SIMMONS v. ZERBST, Warden.

#### No. 1164.

District Court, N. D. Georgia.

March 22, 1937.

M. E. Kilpatrick, of Atlanta, Ga., for petitioner.

H. H. Tysinger, Asst. U. S. Atty., and Lawrence S. Camp, U. S. Atty., both of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner was indicted in the United States District Court for the Middle District of Georgia, for violation of the Fugitive Felony Act, approved May 18, 1934 (U.S.C., title 18, § 408e [18 U.S.C.A. § 408e]). He entered a plea of guilty and was sentenced to a term of two years in the penitentiary.

The pertinent parts of the act provide: "It shall be unlawful for any person to move or travel in interstate or foreign commerce from any State, Territory, or possession of the United States, or the District of Columbia, with intent either (1) to avoid prosecution for murder, kidnapping, burglary, robbery. * * * Violations of this Act [section] may be prosecuted only in the Federal judicial district in which the original crime was alleged to have been committed."

The indictment charges that petitioner "Did unlawfully, willfully and knowingly move and travel in Interstate Commerce from Montezuma, within the Americus Division of the Middle District of Georgia, and within the jurisdiction of this court, to Huntington, in the State of West Virginia, with intent on the part of said Moochie Simmons, alias Freddie Burke, to avoid prosecution under the laws of the State of Georgia for the offense of burglary, which said offense was committed within the County of Macon, State of Georgia, on December 21, 1935, for that on said date the said Moochie Simmons, alias Freddie Burke, forcibly entered the home of Emmett Morgan, in the said city of Montezuma, County of Macon, State of Georgia, and then and there committed a burglary therein; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

The indictment adequately charges a violation of the act; the prosecution was

in the federal judicial district in which the original crime was alleged to have been committed, and the sentence upon the plea of guilty was within the limits provided by law. The writ, therefore, must be discharged unless the act is unconstitutional, as contended by petitioner.

If the transit of petitioner from the state of Georgia to the state of West Virginia was interstate commerce and the Fugitive Felony Act was a valid regulation thereof, then the act is constitutional and the writ should be discharged.

■ "Commerce * * * means something more than traffic,—it is intercourse; and the power committed to Congress to regulate commerce is exercised by prescribing rules for carrying on that intercourse." Lottery Case (Champion v. Ames), 188 U.S. 321, 348, 23 S.Ct. 321, 324, 47 L.Ed. 492.

It is under definitions like the above that such phenomena as purely social intercourse over telephone, telegraph, and radio, between citizens of different states (Western Union Telegraph Co. v. Texas, 105 U.S. 460,. 26 L.Ed. 1067; Western Union Telegraph Co. v. Milling Co., 218 U.S. 406, 31 S.Ct. 59, 54 L.Ed. 1088, 36 L.R.A.(N.S.) 220, 21 Ann.Cas. 815; and Fisher's Blend Station v. State Tax Commission, 297 U.S. 650, 56 S.Ct. 608, 80 L. Ed. 956), or the mere passage of persons for social intercourse or pleasure, over an interstate bridge (Covington, etc., Bridge Co., v. Kentucky, 154 U.S. 204, 218, 14 S.Ct. 1087, 38 L.Ed. 962), or the driving of sheep on foot from one state to another (Kelley v. Rhoads, 188 U.S. 1, 23. S. Ct. 259, 47 L.Ed. 359), or the transporting or inducing to be transported in interstate commerce of women for immoral purposes (Hoke v. United States, 227 U. S. 308, 33 S.Ct. 281, 57 L.Ed. 523, 43 L. R.A.(N.S.) 906, Ann.Cas.1913E, 905; Caminetti. v. United Sates, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A.1917F, 502, Ann.Cas.1917B, 1168), are held to constitute interstate commerce within the meaning of the Constitution.

■ The passage of a person from one state to another is interstate commerce within the meaning of the Constitution and the enactment by Congress of a statute making it a federal offense to do so for the purpose of escaping prosecution for a crime is within the power of Congress.

■ The marvelous progress made in transportation facilities and highway construction, the use of which has greatly increased the facility of escape for criminals, had made state boundaries only bulwarks of defense for fleeing criminals, since the authority of state officers there ceases and they must drop the pursuit. Only federal officers can be given authority to act over the country as a whole, and the withdrawal by Congress of the facilities of interstate commerce from such criminals is an appropriate means to a proper end, and the most effective way to prevent the use of interstate commerce to defeat justice.

As stated by the Supreme Court in Hoke v. United States, 227 U.S. 308, 321, 33 S.Ct. 281, 283, 57 L.Ed. 523, 43 L.R. A.(N.S.) 906, Ann.Cas.1913E, 905, "there is a domain which the states cannot reach and over which Congress alone has power; and if such power be exerted to control what the states cannot, it is an argument for—not against—its legality. Its exertion does not encroach upon the jurisdiction of the states."

In the same case, as well as in other cases, the Supreme Court have said that Congress' power over interstate commerce "is complete in itself, and that Congress, as an incident to it, may adopt not only means necessary but convenient to its exercise, and the means may have the quality of police regulations." (At page 323 of 227 U.S., 33 S.Ct. 281, 284, 57 L.Ed. 523, 43 L.R.A.(N.S.) 906, Ann.Cas.1913E, 905).

The parts of the act under consideration in this case are constitutional, and since the indictment and sentence are in all respects legal, the writ should be discharged.

### Order Discharging Writ.

The above cause coming on for hearing, was duly heard and considered.

For the reasons set out in an opinion filed herewith, it is considered, ordered, and adjudged that the writ of habeas corpus be, and is hereby, discharged, and it is further ordered that petitioner be remanded to the custody of the respondent.