Rocco Salvatore LUPINO, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 4–60 Civ. 208, Re 4–58 Cr. 77.

United States District Court
D. Minnesota,
Fourth Division.

July 28, 1960.

**364**

Rocco Salvatore Lupino, pro se.

Fallon Kelly, U. S. Atty., William C. Hunt, Asst. U. S. Atty., St. Paul, Minn., for the United States.

DEVITT, Chief Judge.

On June 29, 1960 Rocco Salvatore Lupino (hereinafter referred to as the defendant) moved this Court under Title 28 U.S.C. § 2255, for an order vacating a sentence imposed upon him on November 28, 1958. He has also moved for leave to proceed in forma pauperis pursuant to Title 28 U.S.C. § 1915.

The basis for the motion to vacate sentence is that the statute under which conviction was had, Title 18 U.S.C. § 1073, is unconstitutional. There are three grounds for unconstitutionality alleged in the motion to vacate sentence: First, that Section 1073 violates the Fifth Amendment to the Constitution which provides that no person shall be held to answer for a capital crime unless on an indictment by a grand jury, for the reason that under the instructions to the jury given in the criminal proceedings and approved by the Court of Appeals for the Eighth Circuit in Lupino

v. United States, 8 Cir., 1959, 268 F.2d 799, the accused is required to defend against the "unindicted" charge from which he is charged with having fled to avoid prosecution under Section 1073.

The second ground of alleged unconstitutionality is that Section 1073 "nullifies" and is inconsistent with Clause 2, Section 2, of Article IV of the Constitution. The argument advanced here is that Section 1073 in some manner infringes upon the extradition procedures provided for in the cited Article, in that federal authorities can remove from one state to another persons accused of a federal crime.

The third ground is that Section 1073 is so indefinite and uncertain as to be a violation of the Due Process clause of the Fifth Amendment to the Constitution. The argument appears to be that fatal indefiniteness arises because a person may be convicted for violating Section 1073 without any state process in the form of indictment or warrant having been issued charging the offense, the prosecution for which the accused is alleged to have fled in interstate commerce. Absent the institution of prosecution by state authorities, the accused in a Section 1073 prosecution has no opportunity to be aware of the prosecution he is charged with having fled to avoid.

This Court is of the opinion that the Motion to Vacate Sentence must be denied. Section 2255 provides in pertinent part:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution * * * may move the court which imposed the sentence to vacate, set aside or correct the sentence.

\*　　\*　　\*　　\*　　\*　　\*

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the

United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. \* \* \*

\* \* \* \* \* \*

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. \* \* \*"

The conclusion this Court has reached is based on the following grounds:

■■ First, motions for similar relief on behalf of the same defendant have already been presented on several prior occasions and rejected, making the instant motion a second or successive motion which this Court need not entertain under the provisions of Section 2255; and in addition, because there have been repeated adjudications of the same issues by this Court and the Court of Appeals, this Court is not obliged to hear reargument of those issues. See Story v. United States, infra. Secondly, the motion, files and records in the case conclusively show that upon the issues raised the defendant is entitled to no relief. Either of the grounds stated for denying the Motion without a hearing would be sufficient standing alone; however for the sake of being complete, there is hereinafter set out in more detail a discussion of each of the grounds which compel the Court to its conclusion.

### I.

The defendant appealed from the judgment of conviction and sentence which he now seeks to have set aside. The Court of Appeals for the Eighth Circuit affirmed. Lupino v. United States, 8 Cir., 1959, 268 F.2d 799. The Supreme Court denied certiorari. Lupino v. United States, 1959, 361 U.S. 834, 80 S. Ct. 86, 4 L.Ed.2d 75.

The record and the files show that in this Court on several occasions the defendant raised the issue of the constitutionality of Section 1073. In his pretrial Motion to Dismiss the Indictment filed on June 18, 1958, and in the argument on that Motion on July 7, 1958, the issue was presented to this Court. It was argued that if Section 1073 were construed to prohibit interstate travel by a person whom the prosecution proves to have committed an act in violation of a State law and whom the prosecution proves to have fled with the intent to avoid prosecution by State authorities for that crime, though no formal State prosecutive machinery had been set in motion, then Section 1073 would be unconstitutional as inconsistent with Article IV, Section 2, Clause 2 of the Constitution as well as with the due process clause. (Brief in Support of Motion to Dismiss Indictment, pp. 21–29). During the course of the conference concerning jury instructions the defendant's counsel again raised the question of the constitutionality of Section 1073. (Transcript Proceedings for October 1, 1958, pp. 14–51). On October 20, 1958, the defendant's attorney moved for a directed verdict of acquittal and also renewed all motions that were on file in writing that had previously been ruled on by the Court.

The heart of the constitutional argument was that Section 1073 could not be constitutionally sustained if it did not require that "prosecution" meant "existing prosecution." This argument was duly presented to this Court on the occasions set out, considered by this Court, and duly rejected. This is the same argument which is the basis for the three alleged grounds of unconstitutionality in the instant motion to vacate under Section 2255. The second and third grounds stated in the Section 2255 Motion are almost precisely the same as those advanced in this Court at the time of trial. The first ground stated in the present motion was not specifically raised but it nevertheless is based essentially on the same proposition.

Upon his appeal from the conviction in this Court, the defendant again raised the issue of the constitutionality of Section 1073 before the Court of Appeals for the Eighth Circuit. (Brief for Appellant in the Court of Appeals for the

Eighth Circuit, Cr. No. 16,163, pp. 20–22). The Court of Appeals held: "* * * we do not find the statute either ambiguous or unconstitutional." Lupino v. United States, 8 Cir., 1959, 268 F.2d 799, 802. In his Petition for Writ of Certiorari the argument was again set forth. (Petition, pp. 6–14).

█ It thus appears that on several occasions the defendant raised the question of constitutionality in this Court during the trial proceedings; he raised the same issue upon appeal with the Court of Appeals for the Eighth Circuit; he raised it in his Petition for Certiorari. In each instance his contentions were rejected. This should put the matter to rest since Section 2255 cannot be used to reargue a point which the defendant has previously presented and which has been determined against him, Story v. United States, 8 Cir., 1950, 185 F.2d 952; McGuinn v. United States, 1956, 99 U.S. App.D.C. 286, 239 F.2d 449; and this Court is not compelled to hear a second or successive motion for similar relief. Title 28 U.S.C. § 2255.

In Story v. United States, supra [185 F.2d 953], the Court of Appeals for this Circuit clearly enunciated this proposition. Story had been convicted of armed robbery of a Federally insured bank. He made a motion under Section 2255 for vacation of the judgment of conviction and sentence on the ground that, "The judgment and sentence is void without due process of law, and in violation of and contrary to the Fifth and Sixth Amendments to the United States Constitution in that: your petitioner was deprived of adequate and effective assistance of counsel in a trial before a jury."

The District Judge to whom the motion was addressed denied the motion, stating in part:

"* * * And it further appearing to the court that the above named petitioner has on several previous occasions submitted similar contentions, based on the same allegations as set forth in instant motion, each of such previous motions having heretofore been denied; now, therefore, it is hereby ordered that the Motion to Vacate Judgment and Sentence of said petitioner, Roy L. Story, be and the same hereby is denied."

The Court of Appeals further noted that Story had not only unsuccessfully sought review of his conviction, at which time he raised issues similar to those charged in the Section 2255 motion, but also that he had applied unsuccessfully for a Writ of Habeas Corpus on the same grounds.

In affirming the lower court's denial of the 2255 motion, the Court of Appeals held:

"The Supreme Court, in Darr v. Burford, etc., 339 U.S. 200, 70 S.Ct. 587, 596, [94 L.Ed. 761,] which was a habeas corpus case, held that while res judicata does not apply to applications for writ of habeas corpus, yet, 'On that application, the court may require a showing of the record and action on prior applications, and may decline to examine further into the merits because they have already been decided against the petitioner. Thus there is avoided abuse of the writ by repeated attempts to secure a hearing on frivolous grounds, and repeated adjudications of the same issues by courts of co-ordinate powers.' That seems to have been the procedure followed by the trial court in the instant case."

See also Herman v. United States, 4 Cir., 1955, 227 F.2d 332; Sessions v. Manning, 4 Cir., 1955, 227 F.2d 324.

The defendant has had his day in court on the question of the constitutionality of Section 1073. That proposition was vigorously argued on his behalf on several occasions in two courts and on each occasion it was determined against him. Certainly it would be an abuse of Section 2255 to allow the same point to again be reargued. Accordingly, whether on the general proposition that a point may not be reargued in a Section 2255 motion,

or whether the present motion be regarded as a "second or successive motion", the Court must deny the requested relief.

## II.

Even if the present motion were appropriate to raise the issues the Court would deny the requested relief, because the grounds for the motion lack any merit.

The first point submitted by the defendant is completely fatuous. He complains that under the jury instructions given by this Court he is required, in a 1073 prosecution, to "defend himself not only against the charge of 'flight to avoid prosecution' * * * but also the *unindicted* state substantive offense" with which he was charged with fleeing to avoid prosecution. The record in this case reflects that the defendant himself requested such an instruction. (Defendant's Requested Instruction Number 2). In his Petition for a Writ of Certiorari, this defendant conceded that Section 1073 was constitutionally secure where the prosecution proves the commission by the accused of the state offense, when there has been no prior state prosecutive machinery set in motion at the time of the Section 1073 prosecution. (Petition for Writ of Certiorari, p. 13).

■ The defendant cannot now be allowed to attack his conviction upon a proposition of which he was clearly aware, and which on a previous occasion he conceded has no merit.

While more should not be needed, a consideration of the merits of Point I clearly proves it to be without any validity. The thrust of the argument made by the defendant is that he was required to defend against the Minnesota crimes of murder and kidnapping though he was never indicted or otherwise charged with those crimes. This is patently not the case. The simple answer to this contention is that he *was* held to answer for his crime in this case on an indictment of a Grand Jury. He was indicted on June 4, 1958 for violating Section 1073, an element of proof of violation of which this Court instructed the jury was proof that he had committed the state offenses of kidnapping and murder.

■ The second point of claimed unconstitutionality perhaps lacks merit even more than the first. Clause 2, Section 2, of Article IV of the Constitution is not in any way related to the power of Congress to enact Section 1073.

In no case has a defendant successfully sustained attacks on this Act based on a claim of unconstitutionality.

The Fugitive Felon Act brings within its scope the persons who with the intent described therein "moves or travels in interstate or foreign commerce", thus invoking the powers granted to the Federal Government by the Commerce Clause of the Constitution (Article I, Section 8, Clause 3) and its Necessary and Proper clause (Same Section, Clause 18). The constitutional basis of the Fugitive Felon Act is not to be found in Article IV, Section 2 of the Constitution which, in part, provides:

"A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

It seems clear that the Act is not based on this Constitutional provision. It provides punishment for its violation and does not require by its terms any action of a State executive and thus creates a federal sanction much broader in both remedy and application than the removal directed by this Article upon demand by an executive authority of the State from which a person flees. Furthermore, the Act, in proscribing the interstate travel of certain witnesses, brings within its scope persons not within the purview of Article IV, Section 2.

In Simmons v. Zerbst, D.C.N.D.Ga. 1937, 18 F.Supp. 929, the court in sustaining the constitutionality of the act,

pointed out that if the transit of petitioner from the State of Georgia to the State of West Virginia was interstate commerce and the Fugitive Felon Act was a valid regulation thereof then the act is constitutional and the writ (of habeas corpus sought) should be discharged. The court discharged the writ and held that the petitioner's transit from Georgia to West Virginia was interstate commerce and that the Fugitive Felon Act was a valid regulation thereof, and in so holding stated:

"The passage of a person from one state to another is interstate commerce within the meaning of the Constitution and the enactment by Congress of a statute making it a federal offense to do so for the purpose of escaping prosecution for a crime is within the power of Congress.

"The marvelous progress made in transportation facilities and highway construction, the use of which has greatly increased the facility of escape for criminals has made state boundaries only bulwarks of defense for fleeing criminals, since the authority of state officers there ceases and they must drop the pursuit. Only federal officers can be given authority to act over the country as a whole, and the withdrawal by Congress of the facilities of interstate commerce from such criminals is an appropriate means to a proper end, and the most effective way to prevent the use of interstate commerce to defeat justice.

"As stated by the Supreme Court in Hoke v. United States, 227 U.S. 308, 321, 33 S.Ct. 281, 283, 57 L.Ed. 523, 43 L.R.A.(N.S.) 906, Ann.Cas. 1913E, 905 'there is a domain which the states cannot reach and over which Congress alone has power; and if such power be exerted to control what the states cannot, it is an argument for—not against—its legality. Its exertion does not encroach upon the jurisdiction of the states'." 18 F.Supp. at page 930.

The Third Point of alleged unconstitutionality as already noted, has clearly been raised to no avail by the defendant in this Court, in the Court of Appeals, and in a Petition for Writ of Certiorari. At the risk, however, of being repetitious, another analysis of the claim demands the same conclusion.

The defendant claims that Section 1073 now "provides that any citizen may be arrested without the protection of a legal process instituted by the State Authority." Section 1073 proscribes acts which are offensive to the dignity of the United States, not the individual State. For that reason the existence or lack thereof of State charges is wholly irrelevant insofar as a citizen is accorded due process in his arrest for violating Section 1073. Congress, not the states, has established the punishable offense, and it is, therefore, federal, not state, arresting and removal process which is relevant.

The claim that Section 1073 is "indefinite and uncertain" lacks any merit. United States v. Bando, 2 Cir., 1957, 244 F.2d 833; Barker v. United States, 5 Cir., 1949, 178 F.2d 803; United States v. Miller, D.C.Ky.1936, 17 F.Supp. 65. The statute prohibits the travel in interstate commerce of any person having the intent to travel to avoid prosecution by state authorities for specified offenses. Certainly the statute is specific enough to inform citizens of the proscribed activity.

Upon the foregoing reasons, and each of them, It is:

Ordered, That the petition to proceed in Forma Pauperis is granted, in so far as the petition lodged with the Court may be filed without the payment of any fees. Otherwise petitioner's motion is in all respects denied.