Rocco Salvatore **LUPINO**, Petitioner,

v.

**UNITED STATES** of America, Respondent.

No. 4–60–Civ. 208, Re: 4–58–Crim. 77.

United States District Court
D. Minnesota,
Fourth Division.

Sept. 8, 1960.

--◆--

DEVITT, Chief Judge.

Rocco Salvatore Lupino (hereinafter referred to as the defendant) has submitted to this Court a *Notice of Appeal, Motion and Affidavit for Leave to Appeal in Forma Pauperis,* and a *Memorandum in Support of Motion for Leave to Appeal in Forma Pauperis.*

The Order from which the defendant seeks to so appeal was the Order of this Court filed on July 28, 1960, 185 F.Supp. 363 denying defendant's motion under Title 28 United States Code, Section 2255, for an order vacating a sentence imposed upon him on November 24, 1958, following a jury verdict of guilty of violation of Title 18 United States Code, Section 1071. Thereupon he was sentenced to five years imprisonment. This conviction was affirmed by the United States Court of Appeals for the Eighth Circuit. 268 F.2d 799, certiorari denied 1959, 361 U.S. 834, 80 S.Ct. 86, 4 L.Ed.2d 75.

The Section 2255 motion asserted only issues of law relating to the constitutionality of Section 1071, as the Order sought to be appealed from more fully sets out; the Memorandum in Support of Motion for Leave to Appeal in Forma Pauperis also indicates that he would have the Court of Appeals review the prior decision in the case that Section 1071 is constitutional, i. e., the decision which the Supreme Court would not certify for review under a petition for certiorari.

This Court pointed out in its Order of July 28, 1960 that the defendant had previously similarly attacked the constitutionality of Section 1071 in this Court both before and after trial, and in the Court of Appeals for the Eighth Circuit on direct appeal from this conviction; the issue was fully considered and decided against the defendant. As was fully discussed in the Order of July 28, 1960, the defendant cannot relitigate this question of the constitutionality of Section 1071. A Section 2255 motion cannot be used to relitigate such questions previously raised and determined against the defendant. All issues raised by defendant's motion were considered and determined incident to the judgment of conviction and on direct appeal therefrom. A question previously determined in a case is not to be relitigated by a motion under Section 2255; this is applicable where the previous considerations and determinations were in prior proceedings under Section 2255 (Shobe v. United States, 8 Cir., 1955, 220 F.2d 928), or were incident to the entry of the judgment of conviction and direct appeal therefrom. Story v. United States, 8 Cir., 1950, 185 F.2d 952; McGuinn v. United States, 1956, 99 U.S.App.D.C. 286, 239 F.2d 449. For this reason alone, the appeal cannot be regarded as taken in good faith. See Gershon v. United States, 8 Cir., 1957, 243 F.2d 527.

There is an additional ground for this Court to conclude that the appeal is not taken in good faith. This Court's Order of July 28, 1960 considered the points raised by the defendant as to the constitutionality of Section 1071 and found those points to be without any merit. This Court again states that there is no merit whatever to the contentions of the defendant that Section 1071 is unconstitutional.

There is no reason for this Court to question the affidavit of the defendant that he is without funds with which to carry forward the appeal.

Upon the foregoing, and upon the matter stated in this Court's Order of July 28, 1960,

It is ordered, that the Notice of Appeal, Motion to Proceed in Forma Pauperis, and Memorandum in Support of Motion to Proceed in Forma Pauperis lodged with the Court be filed by the Clerk of this Court without the payment of fees. The motion to prosecute such appeal in Forma Pauperis is in all other respects denied; and

It is certified, therefore, that the appeal of Rocco Salvatore Lupino from the Order of this Court of July 28, 1960, is not taken in good faith, there being no issues raised which could be reviewed for the reasons that the appeal would raise only questions which have heretofore been fully presented by him and decided against him, and that the appeal presents issues without any scintilla of merit.