**John Frank AZZONE, Petitioner,**

v.

**UNITED STATES of America,**
**Respondent.**

**Nos. 4–61–Civil 4–58–Crim. 124.**

United States District Court
D. Minnesota,
Fourth Division.

Jan. 16, 1961.

John Frank Azzone, pro se.

William C. Hunt, Asst. U. S. Dist. Atty., St. Paul, Minn., for the United States.

DEVITT, Chief Judge.

John Frank Azzone (hereinafter referred to as the defendant) has submitted to this Court a Motion under Title 28 U.S.C. § 2255, for an order vacating a sentence imposed upon him on Novem--

ber 24, 1958. He has also sought leave to proceed in forma pauperis pursuant to Title 28 U.S.C. § 1915.

The basis for the motion to vacate sentence is that the statute under which conviction was had, Title 18 U.S.C. § 1073, is unconstitutional. The single ground for unconstitutionality alleged in the motion to vacate sentence is that Section 1073 is so uncertain and indefinite in its terms as to be a violation of the due process clause of the Fifth Amendment to the Constitution. The specific contention is that a person may be convicted for violating Section 1073 in that he fled from one state to another with the intent to avoid prosecution for a state crime for which no state process in the form of indictment or warrant has been issued charging the offense the prosecution for which the accused is alleged to have fled in interstate commerce. The defendant argues that where there is no state prosecutive process outstanding then the accused in a Section 1073 prosecution has no opportunity to be aware of the state offense the prosecution for which he is charged with having fled to avoid.

The single ground for the motion is that Section 1073 is so indefinite and uncertain as to be a violation of the Due Process clause of the Fifth Amendment to the Constitution. The argument appears to be that fatal indefiniteness arises because a person may be convicted for violating Section 1073 without any state process in the form of indictment or warrant having been issued charging the offense, the prosecution for which the accused is alleged to have fled in interstate commerce. Absent the institution of prosecution by state authorities, the accused in a Section 1073 prosecution has no opportunity to be aware of the prosecution he is charged with having fled to avoid.

This Court is of the opinion that the Motion to Vacate Sentence must be denied. Section 2255 provides in pertinent part:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution * * * may move the court which imposed the sentence to vacate, set aside or correct the sentence.

\* . \* \* \* \* \*

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. \* \* \*

\* \* \* \* \* \*

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. \* \* \* \*"

The conclusion this Court has reached is based on the following grounds:

First, motions for similar relief on behalf of the same defendant have already been presented on several prior occasions and rejected, making the instant motion a second or successive motion which this Court need not entertain under the provisions of Section 2255; and in addition, because there have been repeated adjudications of the same issue by this Court and the Court of Appeals, this Court is not obliged to hear reargument of that issue. See Story v. United States, infra. Secondly, the motion, files and records in the case conclusively show that upon the issue raised the defendant is entitled to no relief. Either of the grounds stated for denying the Motion without a hearing would be sufficient standing alone. However for the sake of being complete, there is hereinafter set out in more detail a discussion of each of the grounds which compel the Court to its conclusion.

## I.

The defendant appealed from the judgment of conviction and sentence which he now seeks to have set aside. The

Court of Appeals for the Eighth Circuit affirmed. Lupino v. United States (Azzone v. United States), 8 Cir., 1959, 268 F.2d 799. The Supreme Court denied certiorari, Lupino et al. v. United States, 1959, 361 U.S. 834, 80 S.Ct. 86, 4 L.Ed.2d 75.

The record and the files show that in this Court on several occasions the defendant raised the issue of the constitutionality of Section 1073. In his pretrial Motion to Dismiss the Indictment filed on June 24, 1958, and in the argument on that Motion on August 12, 1958, the issue was presented. The Honorable Robert C. Bell, of this Court, considered that Motion and entered his Order overruling it on August 27, 1958. By Order dated September 23, 1958 the case against this defendant was transferred to the Fourth Division and was consolidated for trial with the case against Rocco Salvatore Lupino (4–58 Cr. 77). Thereafter the undersigned presided over all the consolidated proceedings. It was argued that if Section 1073 were construed to prohibit interstate travel by a person whom the prosecution proves to have committed an act in violation of a State law and whom the prosecution proves to have fled with the intent to avoid prosecution by State authorities for that crime, though no formal State prosecutive machinery had been set in motion, then Section 1073 would be unconstitutional as inconsistent with Article IV, Section 2, Clause 2 of the Constitution as well as with the due process clause. (Brief in Support of Motion to Dismiss Indictment, pp. 21–29.) During the course of the conference concerning jury instructions the defendant's counsel again raised the question of the constitutionality of Section 1073. (Transcript Proceedings for October 1, 1958, pp. 14–51.) On October 20, 1958, the defendant's attorney moved for a directed verdict of acquittal and also renewed all motions that were on file in writing that had previously been ruled on by the Court.

The heart of the constitutional argument was that Section 1073 could not be constitutionally sustained if it did not require that "prosecution" meant "existing prosecution." This argument was duly presented to this Court on the occasions set out, considered by this Court, and duly rejected. This is the same argument which is the basis for the alleged ground of unconstitutionality in the instant motion to vacate under Section 2255.

Upon his appeal from the conviction in this Court, the defendant again raised the issue of the constitutionality of Section 1073 before the Court of Appeals for the Eighth Circuit. (Brief for Appellant in the Court of Appeals for the Eighth Circuit, Cr. No. 16,164, pp. 20–22.) The Court of Appeals held: " * * * we do not find the statute either ambiguous or unconstitutional." Lupino v. United States (Azzone v. United States), 8 Cir., 1959, 268 F.2d 799, 802. In his Petition for Writ of Certiorari the argument was again set forth. (Petition, pp. 6–14.)

■ It thus appears that on several occasions the defendant raised the question of constitutionality in this Court during the trial proceedings; he raised the same issue upon appeal with the Court of Appeals for the Eighth Circuit; he raised it in his Petition for Certiorari. In each instance his contentions were rejected. This should put the matter to rest since Section 2255 cannot be used to reargue a point which the defendant has previously presented and which has been determined against him, Story v. United States, 8 Cir., 1950, 185 F.2d 952, 953; and this Court is not compelled to hear a second or successive motion for similar relief. Title 28 U.S.C. § 2255.

In Story v. United States, supra, the Court of Appeals for this Circuit clearly enunciated this proposition. Story had been convicted of armed robbery of a Federally insured bank. He made a motion under Section 2255 for vacation of the judgment of conviction and sentence on the ground that "The judgment and sentence is void without due process of law, and in violation of and contrary to the Fifth and Sixth Amendments to the United States Constitution in that: your

petitioner was deprived of adequate and effective assistance of counsel in a trial before a jury."

The District Judge to whom the motion was addressed denied the motion, stating in part:

"* * * And it further appearing to the court that the above named petitioner has on several previous occasions submitted similar contentions, based on the same allegations as set forth in instant motion, each of such previous motions having heretofore been denied; now, therefore, it is hereby ordered that the Motion to Vacate Judgment and Sentence of said petitioner, Roy L. Story, be and the same hereby is denied."

The Court of Appeals further noted that Story had not only unsuccessfully sought review of his conviction, at which time he raised issues similar to those charged in the Section 2255 motion, but also that he had applied unsuccessfully for a Writ of Habeas Corpus on the same grounds.

In affirming the lower court's denial of the 2255 motion, the Court of Appeals held:

"The Supreme Court, in Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 596 [94 L.Ed. 761], which was a habeas corpus case, held that while res judicata does not apply to applications for writ of habeas corpus, yet; 'On that application, the court may require a showing of the record and action on prior applications, and may decline to examine further into the merits because they have already been decided against the petitioner. Thus there is avoided abuse of the writ by repeated attempts to secure a hearing on frivolous grounds, and repeated adjudications of the same issues by courts of coordinate powers.' That seems to have been the procedure followed by the trial court in the instant case."

See also Herman v. United States, 4 Cir., 1955, 227 F.2d 332; Sessions v. Manning, 4 Cir., 1955, 227 F.2d 324.

█ The defendant has had his day in court on the question of the constitutionality of Section 1073. That proposition was vigorously argued on his behalf on several occasions in two courts and on each occasion it was determined against him. Certainly it would be an abuse of Section 2255 to allow the same point to again be reargued. Accordingly, whether on the general proposition that a point may not be reargued in a Section 2255 motion, or whether the present motion be regarded as a "second or successive motion", the Court must deny the requested relief.

█ Even if the present motion were appropriate to raise the issue the Court would deny the requested relief; for the motion lacks any merit, upon the claim that Section 1073 is "indefinite and uncertain". United States v. Bando, 2 Cir., 1957, 244 F.2d 833; Barker v. United States, 5 Cir., 1949, 178 F.2d 803; United States v. Miller, D.C.Ky.1936, 17 F. Supp. 65. The statute prohibits the travel in interstate commerce of any person having the intent to travel to avoid prosecution by state authorities for specified offenses. Certainly the statute is specific enough to inform citizens of the proscribed activity.

Upon the foregoing reasons, and each of them, It is:

Ordered, That the petition to proceed in Forma Pauperis is granted, in so far as the petition lodged with the Court may be filed without the payment of any fees. Otherwise petitioner's motion is in all respects denied.