John AZZONE, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 4 63 Civ. 420.

United States District Court
D. Minnesota,
Fourth Division.

Nov. 6, 1963.

DEVITT, Chief Judge.

Petitioner seeks appointment of counsel and a full hearing on a claim for relief under 28 U.S.C. § 2255. The relief sought is the vacating of the judgment of sentence and conviction of November 24, 1958.

Petitioner was charged with violations of 18 U.S.C. § 1073, in that he allegedly left the State of Minnesota on September 30, 1953, to avoid prosecution for the crimes of having murdered and kidnapped Anthony Ralph DeVito. Upon conviction, Petitioner appealed, but the conviction was affirmed. Lupino v. United States, C.A.8th Cir., 268 F.2d 799 (1959), cert. den. 361 U.S. 834, 80 S.Ct. 86, 4 L.Ed.2d 75. This is not his first claim for relief under the statute. Azzone v. United States, U.S.D.C.Minn., 190 F. Supp. 376 (1961). A codefendant's effort is reported as Lupino v. United States, U.S.D.C.Minn., 186 F.Supp. 233 (1960).

The instant proceeding results from a long petition and numerous "exhibits" attached thereto. It appears that after a jury had returned a verdict of guilty, Petitioner was sentenced on November 24, 1958, to a period of five years incarceration. He was released from federal custody in 1962 and was apprehended by the State of Minnesota for the serving of a sentence of 0–40 years, he having been convicted of the crime of kidnapping on May 7, 1960, and sentenced two days later. This conviction is presently on appeal to the Supreme Court of Minnesota.

Petitioner seeks to vacate the judgment of conviction and sentence of the federal court pursuant to 28 U.S.C. § 2255, which by its own terms limits relief to those persons who are serving a federal term of incarceration. See United States v. Kerschman, C.A.7th Cir., 201 F.2d 682 (1953); Ragavage v. United States, C.A.5th Cir., 272 F.2d 196 (1960), cert. den. 363 U.S. 806, 80 S.Ct. 1241, 4 L.Ed.2d 1149; Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407; Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963. Inasmuch as the issues are moot insofar as the validity of the federal sentence under a Section 2255 proceeding is concerned,

It is ordered that the petition be and hereby is in all respects denied.