John Frank AZZONE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17631.

United States Court of Appeals
Eighth Circuit.

Feb. 19, 1965.

Rehearing Denied March 9, 1965.

———◆———

John Azzone, pro se.

Miles W. Lord, U. S. Atty., Minneapolis, Minn., and Patrick J. Foley, Asst. U. S. Atty., Minneapolis, Minn., filed brief for appellee.

Before JOHNSEN, Chief Judge, and MATTHES and RIDGE, Circuit Judges.

PER CURIAM.

Appellant and Rocco Salvatore Lupino were tried jointly in the federal court and found guilty of violating 18 U.S.C.A. § 1073, commonly called the Fugitive Felon Act. From the judgment imposing a prison sentence of five years, they appealed. We affirmed. Lupino v. United States, 268 F.2d 799 (2 Cir. 1959), cert. denied, 361 U.S. 834, 80 S. Ct. 86, 4 L.Ed.2d 75 (1961). Azzone's first motion to vacate the sentence was denied on January 16, 1961. Azzone v. United States, D.C., 190 F.Supp. 376. He did not perfect an appeal from the order denying relief.

Having served the sentence imposed under the § 1073 violation, appellant was released from federal custody in 1962. In the meantime, however, he had been convicted by the State of Minnesota of the crime of kidnapping, and was sentenced to serve a sentence of 0–40 years.[1] Upon his release from the federal prison, appellant was taken into custody by the Minnesota authorities, and he is now serving his sentence under the Minnesota conviction.

In November 1963, appellant filed the present § 2255 motion to vacate the § 1073 sentence. The District Court, Judge Devitt, denied the motion on the ground that § 2255 relief is limited to "those persons who are serving a federal term of incarceration"; and that since appellant had been discharged from federal custody the issues insofar as they affect the validity of the federal conviction, are moot. Azzone v. United States, 222 F.Supp. p. 1022. We granted appellant's application for leave to appeal in formâ pauperis upon the questions: (1) whether, beyond the District Court's disposition of appellant's motion to vacate the judgment on the basis of § 2255, the motion should also have been treated and considered as one for a writ of error coram nobis; and (2) whether, if the motion should have been so treated and considered, the facts and situation alleged were such as to have entitled appellant to a hearing thereon.

■ Preliminarily, we concur in the trial court's view and holding that inasmuch as appellant has been released from custody under the sentence which he is attacking, relief is not available to him under 28 U.S.C.A. § 2255. See in addition to the cases cited in the District Court's opinion (222 F.Supp. at page 1022). Heflin v. United States, 358 U.S. 415, 420, 79 S.Ct. 451, 3 L.Ed. 2d 407 (1959) and Perry v. United States, 314 F.2d 52, 53 (8 Cir.1963).

Passing to the questions for determination, United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) stands for the proposition that by a proceeding in the nature of coram nobis, the convicted party may proceed in a federal district court to have set aside his conviction and sentence in that court for a federal offense, though he had served the full time for which he had been sentenced. In Morgan, the Court held that regardless of how the papers are labeled, "federal courts should act in doing justice if the record makes plain a right to relief". 346 U.S. at page 502, 74 S.Ct. at page 249. But the Court added the caveat: "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice", and that the writ is designed to correct errors " 'of the most fundamental character' ". 346 U.S. pp. 511, 512, 74 S.Ct. pp. 252, 253.

1. Judge Devitt in his opinion, denying relief in this proceeding 222 F.Supp. 1021 (D.Minn.1963) stated that appellant's Minnesota conviction is pending on appeal. The Government makes the same assertion in its brief. Azzone denies this in his reply brief. We are advised by the Clerk of the Supreme Court of Minnesota that Azzone has an appeal pending from order denying motion for new trial. We also note that Lupino was convicted of kidnapping by the State of Minnesota and his conviction has been affirmed, State v. Lupino, 268 Minn. 344, 129 N.W.2d 294 (1964).

■■ Appellant's motive for the instant proceeding does not appear from his motion or brief. We suspect that if successful, he would attempt to procure some relief from the Minnesota conviction and sentence. In any event, the fact that appellant has served his federal sentence does not bar his right to challenge the legality of the trial and conviction. Morgan, supra, teaches that "[a]lthough the term has been served, the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected". 346 U.S. pp. 512, 513, 74 S.Ct. p. 253. See also United States v. Garguilo, 324 F.2d 795, 796 (2 Cir. 1963). Inasmuch as any relief to which appellant may be entitled is not available through § 2255 or habeas corpus proceedings, we believe that appellant's motion is entitled to be treated as an application for a writ of error coram nobis, and accordingly pass to the question whether the allegations relied upon are such as to merit a hearing thereon.

Appellant's allegations, liberally viewed, present these grounds for relief: (1) that he has newly discovered evidence which proves that he did not violate 18 U.S.C.A. § 1073; (2) that the prosecution was predicated upon notoriety of appellant and Lupino, and induced by the political aspirations of the United States Attorney; (3) that the Government utilized an informer who was an accomplice and whose testimony was false and known to be by the prosecutor; (4) the instructions to the jury were prejudicial; (5) the statute under which he was prosecuted is unconstitutional.

■ *Contention No. 1.* Appellant asserts that he left the State of Minnesota and went to South Carolina in response to the terms of his appearance bond which he had given in connection with an offense he had committed in South Carolina. From this premise appellant argues that intent, an essential element of the federal offense, was lacking. All essential elements of the offense, including intent were submitted to the jury by

proper instructions. The question whether appellant fled from Minnesota with intent to avoid prosecution was considered and resolved by us in the appeal from the conviction, 268 F.2d 799, 801, 802 and appellant is not entitled to another review of that issue.

■■ *Contention No. 2* is patently frivolous. The motion wholly fails to allege any facts to support the charge that the indictment resulted from the unfavorable notoriety of appellant, and was motivated by a politically ambitious United States Attorney. The motivation for a criminal charge is not of primary importance, and would not per se afford a basis for a collateral attack upon a conviction.

■ *Contention No. 3.* One Alex De-Goode was also indicted with appellant and Lupino. DeGoode pleaded guilty and testified for the Government. Minnesota also indicted DeGoode for kidnapping. The state prosecutor was originally led to believe that DeGoode would plead guilty to the state charge. DeGoode refused to do so, and when his co-defendants refused to testify against him, the prosecutor was of the opinion that he could not make a case and dismissed the state charge. From these circumstances, appellant argues that it is apparent that the United States Attorney "with full knowledge and support, allowed his witness (DeGoode) to perjure himself to gain a conviction of appellant and his co-defendant". To infer from the foregoing events that DeGoode's testimony was false and that the Government prosecutor knew it to be so, would require a stretching of the imagination beyond credulity. Certainly, the showing made is wholly inadequate to form a basis for a hearing on the question.

■■ *Contention No. 4.* Coram nobis may not be used as a substitute for an appeal. The questions whether the court's instructions were prejudicial may not be reviewed in this proceeding. Lipscomb v. United States, 273 F.2d 860, 865 (8 Cir. 1960), cert. denied 364 U.S. 836, 81 S.Ct. 72, 5 L.Ed.2d 61 (1960).

■ *Contention No. 5.* We held in our opinion on the appeal on the merits, that the statute was neither ambiguous nor unconstitutional. 268 F.2d at page 802. The issue was again resolved against appellant in his first § 2255 motion. 190 F.Supp 376, 379. He is not entitled to another review of this question.

In summary, we hold that appellant is not entitled to a hearing on the allegations. The circumstances relied on do not invalidate the judgment and sentence, and justice will not be thwarted by a denial of a hearing. For the reasons stated, the order denying relief is affirmed.