**John Frank AZZONE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 4–65–Civ.–298.**

United States District Court
D. Minnesota,
Fourth Division.

Sept. 21, 1965.

John Frank Azzone, pro se.

Miles W. Lord and Patrick J. Foley, Minneapolis, Minn., for respondent.

DEVITT, Chief Judge.

Petitioner has filed a petition for relief from a judgment of conviction rendered in the United States District Court for this District. He was convicted of having violated the Fugitive Felon Act, 18 U.S.C. 1073. The judgment of conviction was affirmed sub nom., Lupino v. United States, 8th Cir., 268 F.2d 799 (1959), cert. denied 361 U.S. 834, 80 S.Ct. 86, 4 L.Ed.2d 75 (1959). A previous collateral attack petition was denied here, D.C., 222 F.Supp. 1021. The denial was affirmed by the Court of Appeals, Azzone v. United States, 8th Cir., 341 F.2d 417 (1965).

The issues presented by the instant Petition, viewed under 28 U.S.C.A. 2255 or as a petition for a writ of coram nobis, are patently frivolous.

Petitioner asserts as his first ground for relief the joinder in one indictment and in one trial of charges alleging that he had moved in interstate commerce to

avoid prosecution by the State of Minnesota for the separate crimes of murder and kidnapping.

The Federal Rules of Criminal Procedure clearly recognize the propriety of the joint charge and joint trial. Rule 8(a) provides that:

Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Rule 8(b) provides that even multiple defendants may be tried jointly. Rule 7(c) provides in part that allegations in one count may refer to another count of the same indictment or information. Rule 13 provides that:

The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information.

A defendant has adequate relief from prejudicial misjoinder. Rule 12(b) (2) enables one to attack the indictment before trial; it also holds that a failure to file such pre-trial motion effects a waiver. Rule 14 enables the court to sever a prejudicial joinder of offenses or defendants.

It is significant that Petitioner's appeal submitted but one issue which was wholly dissociated from the question of misjoinder of counts. 268 F.2d 800. This issue was not broached on the appeal in the first collateral attack. 341 F.2d 417.

█ The Rules specifically prescribe the procedure followed in Petitioner's trial, and this comports with the constitutional protection of due process. See Brandenburg v. Steele, 8th Cir., 177 F.2d 279 (1949).

It is also suggested that Petitioner was tried in the United States District Court for the crimes of *murder* and *kidnapping* rather than unlawful flight and that the Federal District Court was without jurisdiction to do that. Inherent in a charge of unlawful flight to avoid prosecution, of course, is reference to the state violation. But he was convicted of unlawful flight, not murder or kidnapping. At a later date he was convicted of murder and kidnapping in the state court.

█ The final ground for relief is that the trial court deprived Petitioner of due process by changing the "charging parts of an indictment" and by trying Petitioner on charges not made by a "duly constituted indictment." But the record is clear that there was no change or alteration in the indictment. The Court of Appeals affirmed the judgment of conviction on that indictment. Lupino v. United States, supra, 268 F.2d 799.

█ It should be added parenthetically that Petitioner is no longer in federal custody and thus relief under 28 U.S. C.A. 2255 is not available. Azzone v. United States, supra, 341 F.2d 418 and cases there cited.

██ Petitioner urges that we view his instrument in the alternative as a petition for a writ of coram nobis. But that writ is designed to correct only errors "of the most fundamental character." United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, Azzone v. United States, supra, 341 F.2d 418. No showing is made by the Petitioner that there are any errors in the record of his conviction, much less any errors "of the most fundamental character."

The files and records fail to demonstrate any grounds for collateral relief. Therefore,

It is ordered that the petition be filed without the payment of fees, and is denied.