# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2506

_____

United States of America,

        Appellee,

v.

Napoleon Arturo Bustamante, also
known as Arthur L. Bustamante, also
known as King Arthur, XIII,

        Appellant.

*
*
*
*
*
*
*
*
*
*
*
*

Appeal from the United States
District Court for the
Eastern District of Missouri.

[UNPUBLISHED]

_____

Submitted: September 18, 2007
Filed: October 2, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Napoleon Bustamante appeals his conviction and sentence in the district court[1] for uttering a counterfeit check, in violation of 18 U.S.C. § 513(a); falsely representing himself to be a United States citizen, in violation of 18 U.S.C. § 911; and making a false statement in a matter within the jurisdiction of the United States government, in violation of 18 U.S.C. § 1001(a)(2). His counsel has moved to

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967). Bustamante has filed a supplemental pro se brief. Upon careful review of the Anders brief, the supplemental brief, and the record on appeal, we affirm.

To begin, we hold that the district court did not err in denying Bustamante's motion to quash his waiver of speedy-trial rights, and that the court fully complied with the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(A) (in computing time, exclusion is allowed for any period resulting from continuance granted by any judge on his or her own motion or at request of defense counsel, if such continuance was based on finding that ends of justice served by continuance outweighed best interest of public and defendant in speedy trial, provided court set forth its reasons on oral or written record), (B)(ii) (among factors which judge shall consider in determining whether to grant continuance is whether nature of case is such that counsel cannot reasonably be expected to prepare adequately for trial within statutory time limits).

Next, notwithstanding Bustamante's claims that he was found by an administrative law judge to be a United States citizen, and that he served in the United States Air Force, we hold that the district court did not err in denying his motion to dismiss based on double jeopardy, collateral estoppel, or res judicata. A finding by an administrative law judge does not preclude a subsequent related criminal prosecution. See United States v. Payne, 2 F.3d 706, 708-10 (6th Cir. 1993) (per curiam) (administrative hearing did not collaterally estop government from bringing criminal prosecution involving similar allegations); United States v. Alexander, 743 F.2d 472, 477 (7th Cir. 1984) (decision of administrative law judge did not have preclusive effect on criminal prosecution because decision lacked sufficient indicia of finality and because of strong policy in favor of enforcement of criminal laws). Moreover, nothing in the record establishes that Bustamante had previously been prosecuted for any of the same offenses, or that he was required to be a United States citizen to enlist in the Air Force.

We further hold that the district court did not err in denying Bustamante's motion for judgment of acquittal on the counts charging him with impersonating a United States citizen and making a false statement in a matter within the government's jurisdiction. It was reasonable for the jury to infer from the evidence that Bustamante falsely stated to a federal immigration enforcement agent that he was a United States citizen, and that he was born in the United States. See United States v. Hilliard, 490 F.3d 635, 640 (8th Cir. 2007) (court reviews denial of motion for judgment of acquittal de novo, viewing evidence in light most favorable to government and accepting all reasonable inferences supporting jury's verdict; court must uphold verdict if there is interpretation of evidence that reasonably supports finding of guilt beyond reasonable doubt). We also hold that the district court correctly determined that these two counts were not multiplicitous. Cf. United States v. Feldhacker, 849 F.2d 293, 297-98 (8th Cir. 1988) (separate false statements may be charged in separate perjury counts if they require different factual proofs of their falsity, notwithstanding their relationship to common nexus of fact).

As to the calculations under the Sentencing Guidelines, we conclude that the district court did not err in applying a 10-level upward adjustment based upon the amount of intended loss resulting from Bustamante's counterfeiting offense. See U.S.S.G. § 2B1.1, comment. (n.3(A)); United States v. Scott, 448 F.3d 1040, 1043-44 (8th Cir. 2006) (court did not err in applying enhancement under section 2B1.1(b)(1) based on reasonable estimate of actual or intended loss); United States v. Frank, 354 F.3d 910, 927-28 (8th Cir. 2004) (upholding enhancement under section 2B1.1(b)(1) based upon reasonable estimate of intended harm resulting from fraudulent acts).

As to Bustamante's pro se argument that the district court should have declared a mistrial based on counsel's inadequate trial performance, he is essentially asserting an ineffective-assistance claim, which is not appropriate for consideration in this direct appeal. See United States v. Cook, 356 F.3d 913, 919-20 (8th Cir. 2004) (ineffective-assistance claims are better left for postconviction proceedings; such

claims are proper on direct appeal only where record has been fully developed, to avoid plain miscarriage of justice, or where counsel's ineffectiveness is readily apparent).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no non-frivolous issues for direct appeal. Accordingly, we affirm Bustamante's conviction and sentence, and we grant counsel's motion to withdraw.

_____