# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2076

_____

United States of America,    *
                             *
            Appellee,        *
                             *   Appeal from the United States
        v.                   *   District Court for the
                             *   Eastern District of Arkansas.
Bart Ellis Shoupe,           *
                             *   [UNPUBLISHED]
            Appellant.       *

_____

Submitted:  November 7, 2008
    Filed:  November 17, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Bart Ellis Shoupe appeals the district court's[1] denial of his petition for a writ of error coram nobis. Shoupe sought to challenge a 1991 federal conviction for which he has served the sentence, because that conviction was used to enhance his sentence for another conviction in 2003.

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas.

We conclude that the district court did not err in denying coram nobis relief. See United States v. Comacho-Bordes, 94 F.3d 1168, 1173 (8th Cir. 1996) (standard of review; coram nobis relief is granted only where necessary to achieve justice and to correct fundamental errors). We agree with the district court that Shoupe's claims are barred by the abuse-of-the-writ doctrine, as he could have raised them at the appropriate time on direct appeal or in a motion under 28 U.S.C. § 2255 before completion of his supervised release. See id. at 1172-73 (abuse-of-the-writ principles apply to coram nobis relief); Azzone v. United States, 341 F.2d 417, 419 (8th Cir. 1965 (per curiam) (coram nobis may not be used as substitute for appeal); cf. McCleskey v. Zant, 499 U.S. 467, 489 (1991) (petitioner cannot raise claim in subsequent petition that he could have raised earlier). Shoupe's assertion that his pro se status prevented him from discovering earlier the investigation report on which he based his claims does not constitute excusable neglect for failing to raise the claims, especially given that Shoupe was present at the suppression hearing where the report was, in fact, used. See McCleskey, 499 U.S. at 490, 493 (petitioner must show legitimate excuse for failing to raise claim at appropriate time); United States v. Kwan, 407 F.3d 1005, 1011 (9th Cir. 2005) (to qualify for coram nobis relief, petitioner must have valid reason for not attacking conviction earlier); cf. Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988) (petitioner's pro se status and limited educational background are not sufficient cause for failing to pursue state-court remedies).

Further, the magistrate judge did not abuse his discretion in denying some of Shoupe's discovery requests or in declining to review the file in camera before ruling. See Executive Air Taxi Corp. v. City of Bismarck, 518 F.3d 562, 569 (8th Cir. 2008) (standard of review for discovery ruling); United States v. Price, 542 F.3d 617, 621-22 (8th Cir. 2008) (standard of review for district court's refusal to conduct in camera review). Last, we find no abuse of discretion in the denial of either Shoupe's request for counsel, see Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (standard of review; relevant factors); Steele v. United States, 518 F.3d 986, 988 (8th Cir. 2008)

(constitutional right to counsel extends to first appeal of right and no further), or his motion to reconsider, see Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001) (standard of review).

The judgment is affirmed.

_____