# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-2612

_____

Napoleon Arturo Bustamante

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: March 14, 2014
Filed: March 21, 2014
[Unpublished]

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Arthur Lee Bustamante[1] appeals from the district court's[2] denial of his petition for a writ of error coram nobis under 28 U.S.C. § 1651(a). We affirm.

Bustamante lived in the United States for many years. He possessed a United States passport and a delayed registration of birth from California stating that he was born in Stockton, California, on February 1, 1945. In 1972, Bustamante enlisted in the United States Air Force. The Air Force became suspicious of Bustamante's claim of citizenship and began an investigation. Based on the investigation, the Air Force determined that the evidence of Bustamante's citizenship was inconclusive. Bustamante was thereafter placed in deportation proceedings. An immigration judge found that the government had failed to prove that Bustamante was not a citizen and terminated the proceedings.

In 2005, Bustamante was arrested for uttering a forged and counterfeit check. A post-arrest investigation revealed that he had been born in the Philippines and was not a United States citizen. Bustamante was consequently charged in the Eastern District of Missouri with uttering a counterfeit check, falsely representing himself to be a United States citizen, and making a false statement to a federal agency regarding being born in the United States. At trial, the government substantiated the charges against Bustamante with several documents, including two that purported to be transcriptions of his birth certificate from the Philippines. A jury found Bustamante guilty of the charged crimes, and the district court sentenced Bustamante to 21 months' imprisonment. We affirmed Bustamante's convictions and sentence on direct appeal. United States v. Bustamante, 248 F. App'x 763 (8th Cir. 2007) (per

---

[1]Petitioner was charged in his underlying criminal case as Napoleon Arturo Bustamante and has alternatively used the names King Arthur XIII, Arturo L. Bustamante, and Ricardo Arthur Lee Bustamante.

[2]The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.

curiam).  The district court later denied Bustamante's motion to vacate, set aside, or correct his sentence pursuant 28 U.S.C. § 2255.  Bustamante v. United States, No. 1:10CV13 CDP, 2011 WL 2601365 (E.D. Mo. June 30, 2011).

After Bustamante's prison term ended, he was placed in removal proceedings and was deported to the Philippines in April 2008.  A few months later, Bustamante obtained a United States passport from the United States Embassy in Manila and returned to the United States.  He then applied for supplemental security income benefits, using his passport and delayed registration of birth to support his claim of citizenship.  As a result, he was arrested and charged in the Central District of California with illegal reentry, making a false statement in a passport application, and making a false statement in an application for supplemental security income benefits.  At trial, the government introduced evidence of his previous convictions and one of the two birth certificates to prove Bustamante knew that he was not a United States citizen.  A jury found him guilty of all three charges.

Bustamante appealed, and the Ninth Circuit Court of Appeals vacated his convictions.  United States v. Bustamante, 687 F.3d 1190 (9th Cir. 2012).  The Ninth Circuit held that the introduction of the birth certificate violated Bustamante's rights under the Confrontation Clause of the Sixth Amendment and that this error was not harmless beyond a reasonable doubt.  Id. at 1191.  The Ninth Circuit explained that the document was neither a photocopy nor a duplicate of the birth certificate; instead, it was "an affidavit testifying to the contents of the birth records" and was "functionally identical to [the] live, in court testimony that an employee of the Civil Registrar's office might have provided."  Id. at 1192, 1194 (alteration in original) (citation and internal quotation marks omitted).  Further, the document was "created for the purpose of the Air Force investigation into Bustamante's citizenship and was 'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'"  Id. at 1194 (quoting Melendez-Diaz v. Massachusetts, 557 U.S. 305, 310 (2009)).  The Ninth

Circuit concluded that the document was "very important to the prosecution's case" and that its admission was not harmless beyond a reasonable doubt. Id. at 1195.

Although the Ninth Circuit vacated his convictions, Bustamante was detained and placed in deportation proceedings. Because Bustamante was previously convicted in the Eastern District of Missouri of falsely representing himself to be a United States citizen and making a false statement to a federal agency regarding being born in the United States, he was estopped from contesting in his deportation proceedings that he was illegally in the United States. Bustamante will most likely be deported unless the two convictions are set aside. On September 11, 2012, Bustamante petitioned for a writ of error coram nobis pursuant to 28 U.S.C. § 1651(a), seeking to have the two convictions vacated. The district court denied Bustamante's motion, finding that the introduction of the two birth certificates violated Bustamante's rights under the Confrontation Clause but that the error was harmless in light of the other evidence introduced at the trial. Bustamante appeals.

The writ of error coram nobis is an extraordinary remedy reserved for correcting errors of the most fundamental character. United States v. Morgan, 346 U.S. 502, 512 (1954). "In coram nobis cases, we review the district court's legal conclusions de novo." United States v. Camacho-Bordes, 94 F.3d 1168, 1173 (8th Cir. 1996). Bustamante argues that the constitutional error—that is, the introduction of the two birth certificates in violation of his rights under the Confrontation Clause—was not harmless. See United States v. Dale, 614 F.3d 942, 955 (8th Cir. 2010) (a violation of the Confrontation Clause is subject to harmless error analysis). As a threshold matter, the government contends that the erroneous introduction of the two birth certificates does not justify writ of error coram nobis relief because the error was not of the most fundamental character and because it could have been raised on direct appeal or in a 28 U.S.C. § 2255 motion. See Camacho-Bordes, 94 F.3d at 1173 ("[C]ourts should grant the writ 'only under circumstances compelling such action to achieve justice' and to correct errors 'of the most fundamental character.'" (quoting

Morgan, 346 U.S. at 511-12)); Azzone v. United States, 341 F.2d 417, 419 (8th Cir. 1965) (per curiam) ("Coram nobis may not be used as substitute for an appeal.").

Assuming, without deciding, that Bustamante has alleged a cognizable error for a petition for a writ of error coram nobis, we conclude that the admission of the two birth certificates was harmless and that the district court thus correctly denied Bustamante's petition. Beyond the birth certificates, the government presented significant evidence to prove that Bustamante was born in the Philippines and was not a United States citizen. See United States v. Holmes, 620 F.3d 836, 844 (8th Cir. 2010) ("Evidence erroneously admitted in violation of the Confrontation Clause is harmless beyond a reasonable doubt as long as the remaining evidence is overwhelming."). Documents that the government presented as evidence, such as Bustamante's daughters' birth certificates and Bustamante's visa application, listed Bustamante's birthplace as the Philippines. Bustamante's marriage contract also listed Bustamante as of Filipino nationality. Moreover, the government presented the testimony of Bustamante's nephew that corroborated the information contained in these documents. Although certain documents listed Bustamante's birth place as the United States, such as an application to the New York Life Insurance Company and two applications for social security, these documents contained inconsistent information that undermine their credibility. For example, the applications for social security listed different years of birth for Bustamante. Furthermore, Bustamante's reliance on the California delayed registration of birth is unavailing. The registration of birth was issued based primarily on a Certificate of Baptism from the Holman United Methodist Church, dated January 10, 1946. The government presented testimony that the church had been operating only since 1947 and that it did not own the building where the baptism allegedly occurred until 1957. Additionally, the government produced evidence from the church's records that Bustamante was baptized in 1971, not 1946 as listed on the baptismal certificate. The district court thus correctly denied Bustamante's petition because the overwhelming evidence in

the record indicates that Bustamante was born in the Philippines and that the alleged contradictory evidence is not credible.

The judgment is affirmed.

_____